T. J. McKEOWN v. E. M. KELLY, *et al.*

156 So. 713.

Opinion Filed October 5, 1934.

*Marion B. Knight, John H. Carter,* and *John H. Carter, Jr.,* for Appellants;

*H. V. McClelland* and *Thos. C. Ray,* for Appellees.

PER CURIAM.—It appears that Thomas McKeown died leaving a widow and several children, also one grandchild who is the daughter of a deceased son. Apparently the widow is the mother of all the children of the decedent. Some time after the death of Thomas McKeown a kill was probated as his last will and testament, one of the testator's sons being named and qualified as executor. Later the bill of complaint herein to annul the will and for an accounting and partition of the property was filed against the son who had been appointed executor under the will, the widow and the testator's heirs being complainants. Apparently the testator's property here involved included his homestead real estate. The court decreed as prayed, and the defendant appealed. The appeal taken to this Court

from the final decree is but a step in the cause. At the bar of the court here it was stated by counsel for all parties that since the appeal herein was taken, the decedent's widow, one of the complainants, has died.

The decree provided for awarding the widow a dower interest in the decedent's property, which under the law in force at the death of Thomas McKeown in 1927 was a life interest in one-third of the land and a portion of the personalty.

In the decree the partition was to be made subject to the widow's dower interest. As the widow is no longer living, and no will of hers being involved, the entire estate may now be subject to be partitioned among the heirs of Thomas McKeown and his widow, who apparently are the same persons with equal rights in the property.

To that end the decree is reversed and the cause remanded for appropriate proceedings as the parties may be advised as to their rights for partition and an accounting.

Reversed for appropriate proceedings.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.