## NELL WEED v. JESSE W. KNOX

27 So. (2nd) 419
October 4, 1946
Rehearing denied October 22, 1946

June Term, 1946
Division B

G. P. *Garrett,* for appellant.

*Akerman, Dial & Akerman,* for appellee.

BROWN, J.:

This is an appeal by the plaintiff in the court below from an order granting a motion of the defendant to dismiss plaintiff's bill.

The bill alleges that Walter A. Weed, widower, and the father of the plaintiff Nell Weed and the defendant Jesse W. Knox, being the owner in fee simple of certain described real estate, executed and delivered to his daughters the plaintiff and defendant, a special warranty deed conveying certain described real estate to his said daughters, reserving however to the grantor therein a life estate in and to said property and every part thereof. This deed was made on December 11, 1943. On December 7, 1945, this appellant filed said bill of complaint against her sister praying that the court decree a partition of said property according to their respective shares, interests or proportions therein, and to that end that the court appoint commissioners to make partition of the premises, and upon the report of the commissioners being filed that the court, subject to the right of either party to file objections and exceptions thereto, enter a final decree which would vest in the respective parties a title to the several parcels or portions of the property allowed to them respectively, and give to each of the parties to said suit the possession of, and quiet title to, their respective shares against the other party to the suit or those claiming through or under them. The bill further prayed that if the commissioners should report that partition

could not be made without prejudice to the owners, and the court should approve such report, that the court should order the property to be sold at public auction to the highest bidder and the proceeds divided among the respective parties in proportion to their shares, etc.

The owner of the life estate, Walter A. Weed, was not made a party to the suit.

The defendant Jesse W. Knox filed a motion to dismiss the bill upon several grounds: (1) The bill contains no equity; (2) The bill shows a non-joinder of interested parties; (3) The bill does not allege sufficient title in the plaintiff to bring the suit, and (4) it does not allege sufficient facts to show that the plaintiff is entitled to bring the suit under the statutes of this State.

When this motion came on to be heard, the chancellor below granted the motion and dismissed the bill.

Our statute, Sec. 66.03 F.S.A. 1941, provides that a bill may be filed by any one or more of several joint tenants, tenants in common or coparceners, against their cotenants, coparceners or others interested in the lands to be divided.

Counsel for appellant very frankly recognizes the general rule that only those in possession, or having the right to immediate possession, are entitled to partition, and that in the absence of statutory authorization by remaindermen, remaindermen are not entitled to partition among themselves during the existence of the particular estate in possession unless there is statutory authorization therefor. However, counsel for appellant contends that our statute above quoted, is sufficient authorization for such a suit as this because, as appellant contends, the plaintiff and the defendant in this case are shown by the facts alleged in the bill to have been either tenants in common or coparceners. Appellant contends that remaindermen holding remainders subject to a life estate have unity of the right of possession taking effect when the life tenant dies, and that remaindermen, in their relation with each other, are governed by the principles governing cotenants, citing 33 Am. Jur. 643. However, immediately following this statement in section 176 on page 643 there follows a sentence which shows that the provision stated in the

preceding sentence applies to situations entirely different from that with which we are dealing in this case. And in the very next paragraph, Sec. 177 on page 642, 33 Am. Jur. the following language appears:

"A remainderman has no right of possession until the particular estate is terminated. He has no right of action, which depends upon the right of possession, until he is entitled to the possession, either to recover the possession or to obtain compensation for injuries to the possession. Hence, he cannot, before the termination of the life or other particular estate, maintain an action of ejectment, of trespass, of trover, or for partition, except where there are special statutory provisions permitting him to do so. The remainderman may, however, have his remedy in the courts if his interest in the estate is threatened or damaged. Thus, one who has a vested remainder in land has a right to protect the estate so that he may receive the same when it ought to come to him by the terms of the limitation, and he may maintain a proper action for any injury to the inheritance, committed or threatened, whether by the tenant in possession or by a stranger. In the case of a trespass which causes permanent injury to the inheritance, the remainderman may maintain an action of trespass on the case if the trespass was by a stranger, and, if it was by the owner of the particular estate, he can maintain an action of waste or an action in the nature of waste."

Appellant also cites the case of Lerkissian v. Newman, 85 Fla. 388, 96 So. 378, wherein it was said that "Tenants in common may have partition subject to the dowry interest, very likely, although that point is not intended to be definitely settled." However, in that case it was held that a widow who has a dower interest in real estate of her deceased husband is not a joint tenant, tenant in common, nor in coparcenary with the children of the deceased tenant; that the statute gives her the privilege of taking a child's part, in which case she is counted as a child and takes an interest in fee, and thus becomes a tenant in coparcenary with the children of her husband.

Appellant also cites McEwen v. Larson, 136 Fla. 1, 185 So. 866; McKeown v. Kelly, 116 Fla. 761, 156 So. 713; Moore v.

Price, 98 Fla. 276, 123 So. 768, and Christopher v. Mungen, 61 Fla. 513, 55 So. 223, at page 226; but as we read these cases they are not in point here.

Counsel for appellant very frankly admits that the general rule, in the absence of statute, is that no person has a right to demand a compulsory partition unless he has an estate in possession, but that it was the purpose of our statute to change that rule; that our statute, read literally, permits partition among several remaindermen subject to a life estate because such remaindermen are tenants in common. To this we cannot agree.

In Hobbs v. Frazier, 56 Fla. 796, 47 So. 929, 20 L.R.A. (N.S.) 105, this court held that a trustee in bankruptcy, having legal title with no beneficial interest in the undivided property, was not a coparcener, nor a joint tenant, nor a co-tenant with the wife in the property of the bankrupt. In the opinion in that case by Mr. Justice WHITFIELD, it was said:

"Joint tenants have unity of interest, title, time and possession. Tenants in common may have unity of possession only. Coparceners derive their title by inheritance."

The parties to this suit have no right of possession because they are remaindermen with a life estate outstanding. They are not joint tenants because they have no unity of possession by reason of the outstanding life estate, nor have they any right of immediate possession, and under the cited case they are certainly not tenants in common, nor coparceners. They are tenants in remainder only, and it is generally held that remaindermen are not entitled to partition among themselves of the estate in remainder during the existence of the particular estate in possession, at least without the consent of the owner of the particular estate.

Under the statutes of some states remaindermen and reversioners of an undivided interest in land may maintain partition among the owners of the remaining undivided interest in remainder, although the premises are subject to a life estate, but this cannot be done under our statute.

The general law on this subject is very well stated in 40 Am. Jur. 95, as follows:

"Under the rule in most jurisdictions, to enable a party to maintain a proceeding for compulsory partition, he must have an estate in possession, one by virtue of which he is entitled to enjoy the present rents or the possession of the proprty as one of the cotenants thereof, and since tenants in remainder or reversion have no such estate, the general rule is, both at law and in equity, that in the absence of any statute to the contrary such tenants are not entitled to maintain a petition for a compulsory partition. An express prohibition against partition among remaindermen or reversioners is to be found in the statutes of some states. This rule is not merely technical, but is founded on good sense in not allowing the reversioner to disturb the existing state of things. The objects of partition are to avoid the inconveniences which result from a joint or common possession, and to enable the petitioner to possess, enjoy, and improve his share in severalty. If the petitioner has no estate in praesenti, but in futuro only, if he has no present immediate right of entry and possession, then there are no inconveniences of a joint or common possession of which he can complain; nor can he possess and enjoy his share in severalty, which is the object he seeks to accomplish by his petition. The objects of partition cannot be subserved by a division of an estate which may not come into possession for years after such division. In fact, the purpose of a person creating remainders may in many, perhaps in most, instances be defeated by a premature partition. Whether the terms for years are short or long cannot affect the principle."

See also pages 22 and 23 of the same volume, wherein among other things it is said that while a remainder or a reversion will not be partitioned, that does not hinder an estate in possession from being partitioned among the cotenants who have a present interest in the possession of the property.

In this state of the general law on this subject the appellant is not entitled to partition as one remainderman against another with a life estate outstanding unless this right is specifically granted by statute, and our statute certainly does not grant it.

Our views are also very well supported by the case of Fies v. Rosser, 162, Ala. 504, 50 So. 287.

We think that what has been said is sufficient to show that one remainderman cannot bring a suit for partition against another remainderman where there is an outstanding life estate existing in a third person, and that the motion to dismiss was properly granted, which makes it unnecessary for us to discuss the question as to whether or not the life tenant should have been made a party defendant to this suit, there being no allegation in the bill to the effect that he had no objection to the granting of a partition of the property of which he was in possession as such life tenant.

For the reasons above given the order appealed from is

Affirmed.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., concur.