CARROLL, DONALD K., Judge.
The appellants have appealed from an order of the Circuit Court for Duval County enjoining them, their successors, and assigns from seeking to partition certain premises in the City of Jacksonville.
Their father, Walter H. Radford, was granted a divorce in 1953 from the appellee by the Circuit Court for Duval County. This decree was affirmed without opinion by the Florida Supreme Court in Radford v. Radford, 1955, 78 So.2d 376. The amended final decree of divorce ordered, among its many other provisions, that Rad-ford pay to the appellee “as alimony the sum of $35.00 per month * * This decree also contained the following two provisions critically important in the present appeal: that Radford and the appellee “are hereby adjudged to be tenants in common in and to the home place formerly occupied by the parties hereto * * * ” being the premises involved in the appeal; and that the appellee “be, and she is hereby granted the sole use and possession of said home place for as long as she shall use said premises as her home or until such time as she shall remarry.” The premises had previously been owned by Radford and the appellee as an estate by the entireties.
*523 Radford died on January S, 1958, leaving a will in which he devised to his three children, appellants herein, all of his right, title, and interest in the premises in question.
On July 25, 1958, appellee filed in the divorce suit an amended petition for the clarification of the amended final decree and for an injunction, setting forth that decree’s provisions relating to the premises involved here, and alleging that Radford had died, devising his interest in the said premises to the appellants; that the ap-pellee has had the sole use and possession of the home place and has occupied the same as her home since the entry of the said decree, and that she has not remarried; that the appellants had threatened her that they were going to partition the premises and to dispossess her from the exclusive use of the property. In her petition appellee prayed that the court issue an injunction restraining the appellants from filing a partition suit in the Circuit Court for Duval County against the ap-pellee or in any manner molesting her in her possession of the premises. A copy of this amended petition was served upon the attorney for appellants, who had been served by the County Sheriff with copies of the original petition.
This amended petition came on to be heard upon the appellant’s motion to dismiss and upon the agreement of counsel for the respective parties that they would waive any defects in procedure in order that any other pleadings might be filed in the nature of an answer or counterclaim by the appellants. The court denied the motion to dismiss and allowed the appellants time to file such pleadings as they deemed necessary.
The appellants accordingly filed their sworn answer' and counterclaim in the nature of partition, alleging their interest in the premises and asking that the property be “sold at public sale and the proceeds thereof be divided among the parties according to their respective interests.”
On February 5, 1959, the Circuit Court entered the order appealed from herein, reciting that all parties had waived all procedural and pleading technicalities and agreed to dispose of the case on the simple question of whether the appellants were entitled to sue for a partition of the premises.
This is the basic question on this appeal —whether the appellants had the legal right to sue to partition the land under the factual situation here. The most important facts are the relative possessory rights of the appellants and the appellee in the land question. The appellee’s exclusive possessory right was based upon the final divorce decree of November 5, 1953, which adjudged her and her late husband, Walter H. Radford, to be tenants in common of the land, formerly owned by them as an estate by entireties, and which decree provided that “she is hereby granted the sole use and possession for as long as she shall use said premises as her own home and that she has not remarried.” Having fully met the conditions of sole use and possession as set forth in that divorce decree, the appellee must be held to have the sole and exclusive possession of the land.
All parties also admitted that Walter H. Radford is deceased and that the appellants have succeeded to his interest in the land. This interest was that of a tenant in common, subject to the sole use and possession of the land by the appellee for so long as she met the conditions therefor in the amended divorce decree, which conditions she admittedly had complied with.
It inevitably follows from the situation that the appellants had no right of possession in the land at the time the order appealed from was entered, enjoining them from seeking to partition the land or otherwise disturbing the appellee’s use and possession of it, for so long as the appellee “shall continue to use said premises as her *524 home or until such time as she shall remarry.”
In so holding, the Circuit Court was eminently correct, for the rule has long been established in Florida that under our partition statutes only those in possession or having the right to immediate possession are entitled to partition. This rule was recognized and applied by the Florida Supreme Court in Weed v. Knox, 1946, 157 Fla. 896, 27 So.2d 419, 421. In that case the court quoted with approval the following from 40 Am.Jur. 95 in explanation of the reasoning that lay behind this rule:
“This rule is not merely technical, but is founded on good sense in not allowing the reversioner to disturb the existing state of things. The objects of partition are to avoid the inconveniences which result from a joint or common possession, and to enable the petitioner to possess, enjoy, and improve his share in severalty. If the petitioner has no estate in praesenti, but in futuro only, if he has no present immediate right of entry and possession, then there are no inconveniences of a joint or common possession of which he can complain; nor can he possess and enjoy his share in sever-alty, which is the object he seeks to accomplish by his petition. The objects of partition cannot be subserved by a division of an estate which may not come into possession for years after such division. In fact, the purpose of a person creating remainders may in many, perhaps in most, instances be defeated by a premature partition. Whether the terms for years are short or long cannot affect the principle.”
In the light of this rule the order appealed from was correct and it should be and is affirmed.
WIGGINTON, C. J., and STURGIS, J., concur.