219 So.2d 106 (1969)
Mary Alice BLACK, Appellant,
v.
Elliot L. MILLER, Appellee.
No. 68-196.
District Court of Appeal of Florida. Third District.
February 4, 1969.
Rehearing Denied March 12, 1969.
*107 Palermo & Connelly, Miami, for appellant.
Elliot L. Miller, Miami, for appellee.
Before PEARSON and SWANN, JJ., and NATHAN, RAYMOND G., Associate Judge.
SWANN, Judge.
The appellant, Mary Alice Black, obtained a final decree of divorce from Paul Black, on December 17, 1958. The divorce decree required that he pay her $100 per week for child support and alimony and awarded her exclusive possession of their marital home which was on real property owned by them as an estate by the entirety.
On May 23, 1967, the trial judge entered an order on a Rule to Show Cause and the ex-husband's Petition for Modification. The order granted Mrs. Black a lien as security for all amounts due from her ex-husband "and to become due" to her in the future, and subjected to this lien the interest of Paul Black in the former marital property. It also gave Mrs. Black a final judgment against her ex-husband in the amount of $739.58 for arrearages due her under the divorce decree. A writ of execution issued on this final judgment and a levy was made on Paul Black's interest in the marital property on May 29, 1967.
On August 28, 1967, the trial court gave Mrs. Black another judgment against her ex-husband in the sum of $500.
On September 25, 1967, the Sheriff of Dade County, Florida, pursuant to the execution and levy of May 29, 1967, sold all the right, title and interest of the ex-husband, at public sale, to Miller. He was *108 an attorney and had personally examined the records of the execution sale and the divorce file involving the Blacks prior to his purchase of Paul Black's interest at the Sheriff's sale.
On November 13, 1967, the judge gave Mrs. Black another money judgment against her ex-husband for arrearages in the sum of $789.47.
Miller then filed a suit for partition of the property on which the former marital home was located. It was, and still is, occupied by Mrs. Black and her son. Mrs. Black filed an answer and counterclaim for a determination that Miller's interest in the property was subordinate to the lien granted her on May 23, 1967 as security. She also sought to foreclose her security lien for monies due her from November 13, 1967 until the date of the filing of the counterclaim, and the money judgments which she had recovered on August 28 and November 13, 1967. The case was submitted, without testimony, to the trial judge and he entered a final order.
The final order denied the prayer of Miller for partition of the property but found him to be the owner of an undivided one-half interest in the property as a tenant in common with Mrs. Black. It held that his interest in the property was subject to her right of continued exclusive possession so long as she met the conditions of the final decree of divorce. The order determined that Miller's interest in the property was not subject to or encumbered by any of the money judgments obtained by Mrs. Black against her ex-husband subsequent to the Sheriff's levy on the property. It dismissed the counterclaim filed by Mrs. Black against Miller in which she sought confirmation and foreclosure of her security lien and her two money judgments against this property.
Mrs. Black has appealed from that portion of the order which dismissed her counterclaim against Miller and he has cross-assigned as error the denial of his suit for partition.
There is no question that the trial judge acted within the scope of his authority in the divorce suit when he granted Mrs. Black the right of exclusive possession of the marital home in the divorce decree. Berger v. Berger, Fla.App. 1966, 182 So.2d 279. The exclusive right of possession of the marital home was a cloud, or burden upon this property as reflected by the final decree of divorce. The final decree made the Blacks tenants in common, (See Fla. Stat. § 689.15, F.S.A.) and gave record notice to the world that Mrs. Black had a right to exclusive possession of the marital home until such time as circumstances changed to such a degree that she would not be entitled to such possession.
The purchaser, Miller, bought the interest of the ex-husband at the Sheriff's sale. A purchaser at execution sale, acquires only the right, title and interest which the judgment debtor had in the property. Gracy v. Fielding, 71 Fla. 1, 70 So. 625 (1916). This rule applies to the right of possession. See 13 Fla.Jur. Executions § 73. Generally, a purchaser of the undivided interest of a cotenant at judicial and execution sales becomes a cotenant of the holders of the other undivided interest. See 8 Fla.Jur. Cotenancy § 21 and Annotation: Purchase of cotenant's interest at judicial sale as making purchaser cotenant, 159 A.L.R. 395.
Miller had examined the divorce file between the Blacks and was charged with actual notice that this property was burdened with the right of exclusive possession in Mrs. Black until such time as it was ended by judicial decree, factual circumstances or death. Cf. Lunnen v. Hunter, 348 Pa. 402, 35 A.2d 292 (1944). Only those parties in possession or having the right to immediate or constructive possession are entitled to partition. See Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253 (1947); Weed v. Knox, 157 Fla. 896, 27 So.2d 419 (1946); and Radford v. Radford, Fla.App. 1960, 117 So.2d 522; 24 Fla.Jur. Partition § 13. We find, under *109 these facts, that there was no error in the denial of the prayer of Miller for partition of this property.
Mrs. Black, by her appeal, asserts that the trial judge committed reversible error in denying her counterclaim seeking a foreclosure and sale of this property for the final money judgments which she had recovered against Mr. Black after her levy on May 29, 1967 and for additional sums for alimony and child support which were allegedly due her under the divorce decree and which had not been paid at the time she filed her counterclaim and which had not been reduced to final judgment.
The two money judgments which Mrs. Black sought to foreclose by her counterclaim were entered on August 28 and November 13, 1967. They were both obtained after execution issued and the levy of May 29, 1967. An execution issued on a judgment operates as a lien on the property of the defendant in execution from the time such writ is delivered to the Sheriff. Goodyear Tire & Rubber Co. v. Daniell, 72 Fla. 489, 73 So. 592 (1916). An execution lien ordinarily takes priority over other claims arising subsequent thereto. 13 Fla.Jur. Executions § 37, 33 C.J.S. Executions § 300 and Annotation: Alimony or Support Decree  Lien, 59 A.L.R.2d 656, 683. There was no error in finding that Miller's interest in the property was not subject to or encumbered by the judgments obtained against Paul Black after the Sheriff's levy on this property. It has been said that the title of the execution purchaser relates back to the inception of the judgment or execution lien so as to cut off any interest acquired thereafter by virtue of a junior judgment. 30 Am.Jur.2d Executions § 446, citing Mansfield v. Johnson, 51 Fla. 239, 40 So. 196 (1906) and others.
We now turn to the question of the prayer in her counterclaim which sought to foreclose her "security" lien against this property for sums to become due in the future. Decrees for permanent alimony do not automatically become a lien on a defendant husband's property but may constitute a specific lien when reduced to a final judgment which fixes the total indebtedness due. Dickenson v. Sharpe, 94 Fla. 25, 113 So. 638 (1927); Vinson v. Vinson, 139 Fla. 146, 190 So. 454 (1939).
A court in a divorce action may, however, require the husband to give security for the payment of alimony or child support. 10 Fla.Jur. Divorce §§ 234, 235 and 236. See also Fla. Stat. §§ 61.13 and 61.08, F.S.A. This may be done even after the final decree of divorce. In Stern v. Stern, Fla. 1954, 75 So.2d 810, the Supreme Court held that the trial court could enlarge upon an original divorce decree in a subsequent action based on proper allegations and proof by imposing a requirement for security for future installments of alimony. See also Carter v. Carter, Fla.App. 1964, 164 So.2d 219.
In addition, the order giving her the "security lien" was final and no appeal was taken as to its validity. It appears, therefore, that the wife had a lien on the property of the ex-husband from May 23, 1967, as security for sums to become due her in the future for alimony and child support. She also had a final judgment against her ex-husband for $739.58 arrearages upon which a writ of execution issued and a levy was made on May 29, 1967.
She had two remedies available to her. She could wait until such time as she desired and seek foreclosure of her security lien for those sums which were pastdue and fixed in amount and require that the husband's interest in the property be sold to satisfy the "security lien." She could also, as she did, seek execution, levy and sale of her ex-husband's interest in the property in order to satisfy her final judgment of May 23, 1967. By proceeding to an execution sale under her final judgment she required the Sheriff to sell all of her husband's right, title and interest in this *110 property. She abandoned the security lien on the property by electing to have it sold. She made an election to pursue the remedies available to her under the final judgment of May 23, 1967, although she could have decided to proceed under her security lien. A party who has a cause of action which he may prosecute either as an action at law or as a suit in equity may elect to pursue either remedy. Thus, a party may choose between a foreclosure of a mortgage and a suit of a note which it secures. Although a party may plead for alternative relief, under the new rules of civil procedure; this was not done. Mrs. Black proceeded to the complete relief available to her under the final judgment and her ex-husband's interest in the property was sold to Miller, at the execution sale. She now attempts by her counterclaim to foreclose the "security lien" placed against her ex-husband's interest in this property.
The law in Florida as reported in Perry v. Benson, Fla. 1957, 94 So.2d 819, 821 is:
* * * * * *
"`* * * Where more than one remedy for the enforcement of a particular right actually exists, and such remedies considered with reference to the relation of the parties as asserted in the pleadings are inconsistent, the pursuit of one with knowledge of the facts is in law a waiver of the right to pursue the other inconsistent remedy.' * * * American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 122, 123, 47 So. 942, 944; Board of Public Instruction for Bay County v. Mathis, 132 Fla. 289, 181 So. 147."
* * * * * *
See also 11 Fla.Jur. Election of Remedies § 17.
While Miller did not use the phrase "election of remedies" in his pleadings the record on appeal shows that he argued in the trial court the doctrines of "estoppel or waiver" and that sufficient evidence was present to show that Mrs. Black had, in fact and in law, made an election of remedies; and has waived her right to pursue inconsistent remedies. See 28 C.J.S. Election of Remedies § 28; R.C.P. 1.190, 30 F.S.A.
For these reasons the final order herein appealed is
Affirmed.