237 So.2d 58 (1970)
Girlie a/K/a Victoria DANIELS, Appellant,
v.
Seymour KATZ, Appellee.
Seymour Katz, Appellant,
v.
Girlie a/K/a Victoria DANIELS, Appellee.
Nos. 69-766, 69-772.
District Court of Appeal of Florida, Third District.
June 16, 1970.
Rehearing Denied July 17, 1970.
*59 Taylor, Brion, Buker, Hames, Greene & Whitworth, Miami, for Girlie a/k/a Victoria Daniels.
Jack D. Burris, Miami Beach, for Seymour Katz.
Before BARKDULL, HENDRY and SWANN, JJ.
BARKDULL, Judge.
These consolidated appeals involve the validity of a final judgment in a foreclosure action.
Mason and Victoria Daniels were divorced by final decree of divorce rendered on August 12, 1960. As a result of said decree, Victoria and the children of the marriage were to reside on certain premises in Dade County, Florida, theretofore owned by the parties as an estate by the entireties. This is the same property which is the subject matter of the mortgage foreclosure. At all times material hereto, Victoria and the minor children of this marriage have continued to reside on the property in question. Immediately following the entry of the final decree of divorce, as modified, Mason Daniels gave a note secured by a mortgage on his undivided one-half interest in the homestead to a straw man for his attorney, James Pilafian. He subsequently executed another note and mortgage covering the same undivided one-half interest to his attorney, James Pilafian. These notes and mortgages, while in default, were assigned without recourse to Seymour Katz, who then instituted a mortgage foreclosure action against Mason Daniels' undivided one-half interest in the homestead premises. The trial court entered a judgment of foreclosure for the amount sought, but ordered that if the property were sold at a foreclosure sale no partition of the property could be made as long as Victoria resided thereon and maintained the property as a homestead for herself and the minor children. During the pendency of the mortgage foreclosure action, Mason conveyed his undivided one-half interest in the property to Victoria. The trial court found this conveyance to be subject to the outstanding mortgages involved in these proceedings. *60 Both parties have appealed, urging error in this judgment. Victoria contends that there was no consideration for the notes and mortgages and, further, that the trial court erred in the award of attorney's fees. Katz appealed and urged that the trial court erred in refusing to permit partition of the property, as above indicated. The appeals were consolidated for all purposes.
The effect of the final judgment here under review is to permit a former husband and father of his minor children to encumber homestead property by the execution of a note and mortgage to a third person subsequent to the divorce and, in default thereof, subject his undivided one-half interest to a foreclosure action.
Because Katz was not a bona fide purchaser for value, entitled to protection of the negotiable instruments law, any defenses available against the original mortgagee [Pilafian] are available against Katz. Davis v. West, Fla.App. 1959, 114 So.2d 703; L & S Enterprises, Inc. v. Miami Tile & Terrazzo, Inc., Fla.App. 1963, 148 So.2d 299. Pilafian was the attorney for Mason Daniels; he was well aware of the homestead character of the property involved, and it would be inequitable and unjust to permit an attorney to acquire any lien against the homestead property in the instant case. In Florida, homesteads are "sacred cows"; they may not be alienated contrary to the interests of those to be protected by the homestead character of the property involved [Church v. Lee, 102 Fla. 478, 136 So. 242; Reed v. Fain, Fla. 1961, 145 So.2d 858; Gotshall v. Taylor, Fla.App. 1967, 196 So.2d 479]; they are not subject to execution or judgment liens [Hart v. Gulf Fertilizer Co., 91 Fla. 991, 108 So. 886; Olesky v. Nicholas, Fla. 1955, 82 So.2d 510; Art. 10, § 4, Constitution of State of Florida, 1968]; and this right of exemption may not even be waived by both husband and wife [Carter's Administrators v. Carter, Fla. 1884, 20 Fla. 558; Sherbill v. Miller Manufacturing Company, Inc., Fla. 1956, 89 So.2d 28]. In many instances, the courts of Florida have gone out of their way to protect the homestead character of a parcel, and the possession of a homestead property by a former wife and their children constitute a cloud on the title to the property. Black v. Miller, Fla.App. 1969, 219 So.2d 106.
As a matter of public policy, we determine that a former husband [as in the in the instant case] cannot create an enforceable lien on his undivided one-half interest in homestead property by giving his attorney [who is aware of the status of the property] notes secured by mortgages. Atlantic Coast Line Railroad Company v. Beazley, 54 Fla. 311, 45 So. 761; Hill v. First National Bank of Marianna, 73 Fla. 1092, 75 So. 614; City of Leesburg v. Warr, 113 Fla. 760, 153 So. 87; State ex rel. Gibbs v. Bloodworth, 134 Fla. 369, 184 So. 1; Nicholson v. Good Samaritan Hospital, 145 Fla. 360, 199 So. 344; Radford v. Radford, Fla.App. 1960, 117 So.2d 522; 16 Fla.Jur., Homesteads, § 23; 68 C.J.S. Partition § 33. Therefore, the provision of the final judgment of foreclosure finding that the lien of the several mortgages involved in the instant action was enforceable against the undivided one-half interest [formerly owned by Mason Daniels] be and the same is hereby vacated and set aside, with directions to eliminate said provision from the final judgment. When the property loses its status as homestead, the liens would then be subject to enforcement.
We find no merit in Victoria's contention of lack of consideration for the notes, and so much of the judgment which adjudicates the liability of Mason on the notes involved in the instant action is found to be without error and is affirmed.
We have examined the record on appeal and also find no merit in Victoria's contention relative to the attorney's fees, and the action of the trial court in this regard is affirmed.
Therefore, for the reasons above stated, the final judgment here under review is affirmed in part and reversed in part, with directions.