McCORD, Judge.
This is an appeal from a final judgment of partition. Appellee (plaintiff below) was plaintiff in a prior suit for divorce between her and appellant. In the final judgment of divorce, the court awarded appellee custody of the two minor children of the marriage and the exclusive use and possession of the jointly owned home of the parties located on Buttonwood Drive in Jacksonville. This property is one of the two properties partitioned in the case sub judice. The other partitioned property is rental property located on Redberry Lane in Jacksonville. The final judgment of divorce was subsequently modified for the stated purpose of rendering the Redberry Lane property “unencumbered” so that it could be partitioned. The modification order provided that neither party was entitled to the exclusive use and occupancy of the Redberry Lane property and provided for a division between the parties of all costs, expenses and income of the property and specifically provided:
“ . . . Nothing herein shall be construed to delay or prevent any partition of said property in appropriate proceedings.”
Appellant contends that the two properties are not owned in fee simple by the respective parties in that they are encumbered by the final judgment of divorce. The trial court ruled otherwise in entering the final judgment of partition.
As to the home on Buttonwood Drive, appellant relies upon Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253; Brown v. Brown, Fla.App. (3rd), 123 So.2d 298; *11 Banks v. Banks, Fla., 98 So.2d 337; and Sistrunk v. Sistrunk, Fla.App. (4th), 235 So.2d 53, for the proposition that the final judgment of divorce, by awarding possession of the home to the wife for the use of herself and the children, encumbered the home of the parties with the obligation of the husband to support the wife .and children and is in the nature of maintenance. We agree, but this encumbrance is one only for the benefit of the wife- and children and is an encumbrance which she may waive. By filing this partition suit, she does waive her right to continued possession of the home for herself and the children. Of the above mentioned cases cited by appellant, only one, Pollack v. Pollack, supra, was a partition suit. There, the wife, by the divorce decree, had been granted the use, occupancy, and control of the home so long as she should occupy it with the minor children. The husband subsequently sought to partition the property. The trial court granted a motion to dismiss and the Supreme Court on appeal stated:
“If we were confronted with the divorce and no more, there might be substance to his contention, but here, the chancellor awarded the home to the wife as a place of residence for her and the minor children so long as she elected to use it for that purpose. The final decree of divorce, in other words, charged the home with the obligation of the husband to support his wife and minor children. The chancellor was authorized to do this and so long as it is thus charged, a suit for partition is premature.”
In sum, the Supreme Court held that the husband could not by a partition suit take away the wife’s right to possession of the property which had been granted to her by the final judgment.
In Radford v. Radford, Fla.App. (1st), 117 So.2d 522, this court had before it an order enjoining the children of a former wife’s husband (who had succeeded to the husband’s undivided 44 interest in the property in question) from seeking to partition the property. The divorce decree had given the wife the right to possession of the property and this court there said:
“In so holding, the Circuit Court was eminently correct, for the rule has long been established in Florida that under our partition statutes only those in possession or having the right to immediate possession are entitled to partition.”
See also Black v. Miller, Fla.App. (3rd), 219 So.2d 106, where in a similar situation the court said:
“Miller had examined the divorce file between the Blacks and was charged with actual notice that this property was burdened with the right of exclusive possession in Mrs. Black until such time as it was ended by judicial decree, factual circumstances or death. Cf. Lunnen v. Hunter, 348 Pa. 402, 35 A.2d 292 (1944). Only those parties in possession or having the right to immediate or constructive possession are entitled to partition. See Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253 (1947); Weed v. Knox, 157 Fla. 896, 27 So.2d 419 (1946); and Radford v. Radford, Fla.App.1960, 117 So.2d 522; 24 Fla.Jur. Partition § 13.” (Emphasis supplied)
In the case sub judice, appellee’s right to possession is being terminated by the factual circumstance that she no longer wishes to continue or have such right and is by her own volition or act giving it up. Since she has the right to immediate possession of the property, she can bring the partition suit. Appellant, not having the right to immediate possession, could not bring the suit.
As to the Redberry Lane property, none of the arguments and contentions of appellant are applicable thereto, and it is subject to partition.
Affirmed.
JOHNSON, J., concurs.
BOYER, Acting C. J., concurring specially.