323 So.2d 43 (1975)
John W. LAMAR, Appellant,
v.
Ruth Gloria LAMAR, Appellee.
No. 75-345.
District Court of Appeal of Florida, Fourth District.
December 5, 1975.
*44 Howard Todd Jaffe, of Kaplan, Jaffe & Associates, Hollywood, for appellant.
John D. Kruse, Fort Lauderdale, for appellee.
WALDEN, Chief Judge.
Husband appeals from a modification order entered after a final dissolution. We agree with husband's contention that the trial court should not have ordered him to pay $1,445 for wife's attorney fees based only upon her counsel's affidavits of work done and fees charged. In Ortiz v. Ortiz, 211 So.2d 243 (3d DCA Fla. 1968), the court noted:
"... a chancellor may not fix attorney's fees without expert testimony. Lyle v. Lyle, Fla.App. 1964, 167 So.2d 256; Thoni v. Thoni, Fla.App. 1965, 179 So.2d 420." Id. at 245.
The attorney fees should not have been awarded without testimony from an expert witness.
The modification was made upon the motion of husband to hold the wife in contempt for failure to quit-claim to him her interest in certain property and her subsequent petition to modify. The wife had agreed to transfer her interest in that property to the husband in accord with a property settlement agreement, made a part of the final dissolution. She has not yet transferred that interest. The modification order held the wife in contempt for the failure to do so, and ordered her to execute a quit-claim deed on the property to husband, that deed to be held in trust by her attorney. The deed was to be transferred to husband upon the fulfillment by him of certain directives, including payment of wife's attorney fees, a dental bill for the minor child, extra monthly schooling funds for the child and the transferral of certain civil service benefits to wife. We affirm that portion of the modification order making delivery of the deed to the husband dependent upon his performance of duties which had accrued at the time of the modification order, on the grounds that a trial court may require security of a party to a dissolution in order to assure fulfillment of obligations. Stern v. Stern, 75 So.2d 810 (Fla. 1954); Black v. Miller, 219 So.2d 106 (3d DCA Fla. 1969):
"A court in a divorce action may, ... require the husband to give security for the payment of alimony or child support." Id. at 109.
Fla. Stat. § 61.11 (1973):
"... When either party is about to remove himself or his property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against him or his property and make such orders as will secure alimony to the party who should receive it."
The accrued obligations include the attorney fees (when properly determined), doctors' bills for the child and civil service benefits due the wife. We reverse, however, as being in excess of the trial court's discretion, that portion of the modification decree making delivery of the deed to the husband dependent upon making subsequent additional monthly payments for the education and care of the child. Although security may be had for future obligations, we feel that to encumber this property in such fashion would hinder the purpose of the order. The husband would not be able to expect full property ownership until the minor child completed her schooling, and it would render him incapable *45 of dealing with the property in such manner as to enable him to fulfill his obligations. We reverse this portion of the modification without prejudice to the trial judge to order such bond or other security as he may see fit to impose to assure compliance.
We find no merit in husband's remaining contentions.
Reversed and remanded, with directions.
OWEN, J., and ALDERMAN, JAMES E., Associate Judge, concur.