391 So.2d 351 (1980)
Denise Held FIRKEL, Appellant,
v.
Earl Richard FIRKEL, Appellee.
No. 80-368.
District Court of Appeal of Florida, Fifth District.
December 17, 1980.
Christine Warren of Judge & Warren, P.A., Daytona Beach, for appellant.
Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a judgment of dissolution of marriage contending the trial court erred in awarding appellee a special equity in the parties' residence and granting him the right to exclusive possession of the residence for an indeterminate period.
We affirm as to the special equity. The testimony of the parties was taken on different days. When husband testified, no one had arranged for a reporter, but the parties proceeded without preserving the *352 record. While appellant convincingly argues her position and the authorities supporting it, we have no way to review the basis for the trial court's decision. Appellee correctly contends that appellant must overcome the presumption of correctness the judgment carries by making reversible error clearly appear on the record and notes the responsibility is on appellant to bring to the court a trial record containing every phase of the trial proceeding that must necessarily be considered to find prejudicial error. See Greene v. Hoiriis, 103 So.2d 226 (Fla. 3d DCA 1958) and Rule 9.200, Florida Rules of Appellate Procedure.[1] In Damkohler v. Damkohler, 336 So.2d 1243 (Fla. 4th DCA 1976), the court stated:
Where an appellant challenges the sufficiency of the evidence, he has the burden of bringing before this Court a complete record of the proceedings below. In the absence of such a record, we must presume that there was sufficient evidence and testimony presented to the Trial Court to support its findings of fact.
The second point raised is whether the trial court erred in awarding the husband exclusive possession of the marital residence owned by the parties after the divorce as tenants in common.
The trial court found that there were no children, there was no need for alimony, and the financial ability was such that each could pay their own attorney fees. No reasons were given which would justify a grant of exclusive possession of the jointly owned residence.
"An award of exclusive use of property must be determined by the equity of the cause and should be for a specified period." Duncan v. Duncan, 379 So.2d 949, 952 (Fla. 1980). See also Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975); Dwyer v. Dwyer, 305 So.2d 10 (Fla. 1st DCA 1974). The husband argues that exclusive possession is necessary to prevent a reduction in the value of the property. Under appropriate circumstances this argument would prevail, but not for an indefinite period. We are also hampered here by the incomplete record to determine if there was justification for excluding appellant from the property.
We must therefore remand to the trial court to determine the period of exclusive possession and if the reasons for such still exists. Nothing appears in the record which would justify a denial of partition of the property if proper pleadings are presented to the trial court.
AFFIRMED in part and REMANDED in part.
SHARP and COWART, JJ., concur.
NOTES
[1] Rule 9.200(e), Florida Rules of Appellate Procedure, states:

The burden to insure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant. Any party may enforce the provisions of this rule by a motion.