472 So.2d 1378 (1985)
Esther GARCIA-TUNON, Appellant,
v.
Jose GARCIA-TUNON, Marta Gonzalez and Rosa Maria Urreta, Appellees.
No. 84-2703.
District Court of Appeal of Florida, Second District.
July 31, 1985.
Jay W. Fusco of Meros & Smith, P.A., St. Petersburg, for appellant.
*1379 Arnoldo Velez and Maria C. Arriola Velez of Taylor, Brion, Buker & Greene, Miami, for appellees.
SCHEB, Judge.
This appeal poses the question of whether a life tenant can partition Florida real property against the remaindermen.
Appellant is the surviving spouse of Jose N. Garcia-Tunon, who died intestate on February 5, 1979. Appellees are the decedent's grown-up children by a prior marriage. The surviving spouse filed a complaint against decedent's children for partition of certain real property owned by her deceased husband. She alleged that upon her husband's death, she acquired a life estate in the property, and the children received a vested remainder. The trial court granted the children's motion for summary judgment, and this appeal ensued.
Partition was originally developed by the English common law as a remedy available to coparceners. Later, the right was extended to joint tenants and tenants in common. Thereafter, partition became an equitable remedy under English law and has been so considered in the United States. See generally, 2A R. Powell, Powell on Real Property § 289 (1981). The original purpose of partition was to permit cotenants to avoid the inconvenience or dissension arising from sharing joint possession of real estate. L. Simes & A. Smith, The Law of Future Interests § 1764 (2d ed. 1956).
Partition is now provided for and regulated by statute in almost every state. 4 G. Thompson, Thompson on Real Property § 1822 (1979). The general rule, in the absence of a statute to the contrary, is that a life tenant cannot maintain partition against the remaindermen. Thompson, § 1824. In Florida a partition action is governed by section 64.031, Florida Statutes (1983), which provides that "the action may be filed by one or more of several joint tenants, tenants in common, or coparceners, against their cotenants, coparceners, or others interested in the lands to be divided."
The Florida statute has been narrowly construed. For example, in Weed v. Knox, 157 Fla. 896, 27 So.2d 419 (Fla. 1946), the supreme court held that one remainderman is not entitled to partition against the other where there is an outstanding life estate, because such a right of partition is not specifically granted by statute.
Section 64.031 refers to joint ownership of lands to be partitioned. Here, appellant alleges that she is a life tenant in the entire real property. She does not allege any joint interest with any other person. The purpose of the statute is to provide for partition only among those who have joint interests.
As stated in 1 American Law of Property § 4.96 (1952):
Partition means a severance of interests which to some extent at least are concurrent. It refers to such types of co-ownerships as tenancies in common and joint tenancies. It is true that, if land is conveyed to A for life, remainder to B in fee, A and B have interests in the same land, and in a sense may be said to be co-owners. But it is not the sort of co-ownership to which partition has been applied.
See also Restatement of Property §§ 126, 172 (1936).
The decisions from Georgia, Alabama and Rhode Island, cited by appellant in support of her position, rely on specific statutes of those states. They do not parallel the Florida statute and are, therefore, not persuasive in our construction of section 64.031.
We hold that a partition action is not available to an owner of a life estate seeking to partition against remaindermen. Thus, we affirm the summary final judgment in favor of appellees.
GRIMES, A.C.J., and HALL, J., concur.