FERGUSON, Judge.
This appeal is from a judgment “establishing” a $148,690.28 charging lien for legal services on two parcels of real property; the judgment also orders execution to satisfy the lien.
Robert Sabin engaged attorney Stephen Butter to represent him in what proved to be a protracted proceeding for dissolution *940 of marriage. Butter had Sabin execute an employment contract and a note which granted Butter a lien on all assets recovered or protected during the course of the proceeding. The contract, subsequently recorded, did not identify any specific property as collateral. On the same day that he executed the contract and lien, Sabin also gave Butter a mortgage on his interest in the marital home and waived homestead rights in that property. At a later date Sabin gave Butter a separate mortgage on his interest in a five-acre tract of land which he owned with his brother, Paul Sabin. That five-acre tract of land and the former marital home were targeted for execution to satisfy the charging lien.
Butter’s fees and costs for representing Robert Sabin in the dissolution action were in excess of $130,000. An agreement was reached whereby Butter would accept a $21,000 payment and give a satisfaction of mortgage against the five-acre tract so that Sabin could obtain an institutional first mortgage on the land to pay off other debts. The agreement also required Sabin to give Butter a new second mortgage after Sabin acquired the new first mortgage. After the satisfaction was executed and a mortgage was obtained from Financial Federal Savings and Loan Association,[1] Sabin failed or refused to pay his attorney fee obligation or to give Butter a new second mortgage.
Appellants' principal arguments are: (1) the attorney’s charging lien is invalid because it created no judgment proceeds to which a lien could attach, (2) a charging lien may not be satisfied by execution against homestead property based on a contract signed by only one of the joint owners.
Sabin’s first argument is premised on an overbroad statement of the law. Although a charging lien ordinarily attaches only to judgment proceeds, Pasin v. Kroo, 412 So.2d 43 (Fla. 3d DCA 1982), the parties may enter into contracts which expressly subject other property to the charging lien. See Billingham v. Thiele, 109 So.2d 763 (Fla.1959).
Appellants’ second argument has merit. By terms of the judgment dissolving his marriage, Robert Sabin was awarded exclusive possession of the marital home and custody of the parties’ minor children. The question as phrased by the arguments is whether a divorced father who is awarded custody of the minor children and, incident thereto, exclusive possession of the former marital domicile, may alienate the homestead by waiver to secure a mortgage, thereby subjecting the property to execution. We hold, without reaching the homestead law question as presented, that Sabin’s agreement with Butter is ineffective to subject the marital home to an execution sale.
This court has held that a former husband who is the father of minor children cannot, by execution of a mortgage and note subsequent to a divorce, subject his undivided one-half interest in the former marital home to a foreclosure where the mother has custody of the children and exclusive possession of the home pursuant to a judgment. Daniels v. Katz, 237 So.2d 58 (Fla. 3d DCA 1970). In Black v. Miller, 219 So.2d 106, 108 (Fla. 3d DCA), cert. denied, 225 So.2d 920 (Fla.1969), we held:
The exclusive right of possession of the marital home was a cloud, or burden upon this property as reflected by the final decree of divorce. The final decree made the [parties] tenants in common, and gave record notice to the world that [the wife] had a right to exclusive possession of the marital home until such time as circumstances changed to such a degree that she would not be entitled to such possession. [Citation omitted.]
The emancipation of the minor children is the most common changed circumstance which would divest the spouse in possession of the right to continued exclusive possession.
Analyzing the case before us in light of the interest to be protected, mainly *941 the children’s, it makes no difference that, in contrast to Daniels and Black, the party in exclusive possession is attempting to subject the marital home to a lien enforceable by an execution sale. Sabin’s custody of the children and possession of the former marital home here, as in Black, is by a judgment dissolving the marriage where the court has continuing jurisdiction. Sabin’s exclusive possession is revocable depending on what the court, from time to time, may consider in the children’s continued best interest. The court could decide, if warranted by the circumstances, that it is in the best interest of the children and the parties that the marital domicile be subject to an enforceable lien.
Consistent with the rationale of these earlier cases we hold here that a co-owner parent in exclusive possession of the former marital home, where possession is incident to a judgment awarding custody of minor children, cannot subject the marital domicile to execution to satisfy that parent’s separate debt except with consent of the other co-owner parent or permission of the court. Butter had both actual and constructive knowledge of the impediments to a unilateral enforceable waiver by Sabin. Whether Sabin’s waiver of homestead would subject to execution his share of the proceeds from a voluntary sale of the home —even if he intends to reinvest the proceeds in another homestead — is a question we do not reach.
The judgment is affirmed to the extent it establishes a charging lien. To the extent the charging lien is declared enforceable by execution against the marital home, the judgment is reversed.
HUBBART, J., concurs.

. In a companion case we affirmed, per curiam, the trial court's determination that Financial Federal’s mortgage is superior to Butter's charging lien. Butter v. Financial Fed. Sav. & Loan Ass'n, 491 So.2d 562 (Fla. 3d DCA 1986).