BASKIN, Judge
(specially concurring).
I concur in the result only.
The majority declares that it does not reach the homestead exemption question. It holds that Sabin’s exclusive possession of the marital home, apparently homestead,[1] renders Butter’s lien unenforceable; however, it fails to consider the effect of the stipulated sale of the home on the enforceability of Butter’s lien.[2] If the property loses its status as homestead or the proceeds of the sale are not reinvested in another homestead, Butter’s lien should then be enforceable. See Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201 (Fla.1962) (the proceeds of a voluntary sale of homestead property are exempt if the seller shows a good faith intention to reinvest the proceeds in another homestead); Daniels v. Katz, 237 So.2d 58 (Fla. 3d DCA 1970).

. The trial court found that Sabin’s interest was that of a tenant in common and that he and the children reside in the marital home.

. In the Final Judgment of Dissolution of Marriage the trial court found that the parties agreed to list the former marital home for sale.