532 So.2d 707 (1988)
Mary Ellen BARDEN, Appellant,
v.
Marguerite B. PAPPAS, et al., Appellees.
Nos. 87-2093, 88-384.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
On Motion for Rehearing November 3, 1988.
*708 William E. Ruffier of Sanders, McEwan, Mims & Martinez and Kenneth L. Mann and Christopher A. Detzel, Orlando, for appellant.
Charles Evans Davis of Fishback, Davis, Dominick & Bennett, Orlando, for appellees.
ORFINGER, Judge.
Appellant Mary Ellen Barden appeals in Case No. 87-2093 from a final judgment ordering partition. She also appeals in Case No. 88-384 from an order denying her motion to set aside the partition sale as being grossly inadequate and irregular. Both appeals have been consolidated. Because we reverse the judgment ordering partition, it is not necessary that we rule on the adequacy of the sale.
Louis Pappas, the owner of the homestead property in question, died survived by his widow, appellee Marguerite B. Pappas, and two adult children by a prior marriage, appellee Lewis J. Payton and appellant Barden. Pappas filed an action for partition, alleging that following her husband's death she held a life estate in the property and that Payton and Barden each held an undivided one-half interest in the remainder. Payton answered and admitted the allegations of the petition and concurred in the relief sought. His sister Barden, however, raised a number of affirmative defenses including the defense that partition is unavailable to an owner of a life estate against the owners of the remainder interest. Barden then filed a motion for judgment on the pleadings which was denied.
The case came on for trial, at the conclusion of which the court deferred ruling. Several weeks later, Pappas moved and was permitted to amend her pleadings and reopen the evidence to show that she had conveyed a one-half interest in her life estate to Payton and that Payton had conveyed to her a one-half interest in his undivided remainder estate. Deeds reflecting this were presented. The trial continued, resulting in a final judgment of partition, from which Barden appeals.
In Garcia-Tunon v. Garcia-Tunon, 472 So.2d 1378, 1379 (Fla. 2d DCA 1985), the court noted that:
Partition was originally developed by the English common law as a remedy available to coparceners. Later, the right was extended to joint tenants and tenants in common. Thereafter, partition became an equitable remedy under English law and has been so considered in the United States. See generally, 2A R. Powell, Powell on Real Property, § 289 (1981). The original purpose of partition was to permit cotenants to avoid the inconvenience or dissension arising from sharing joint possession of real estate. L. Simes & A. Smith, The Law of Future Interests § 1764 (2d ed. 1956).
Partition is now provided for and regulated by statute in almost every state. 4 G. Thompson, Thompson on Real Property, § 1822 (1979).
Chapter 64, Florida Statutes (1987) governs partition in this state and section 64.031 provides that "the action may be filed by one or more of several joint tenants, *709 tenants in common, or coparceners, against their cotenants, coparceners, or others interested in the lands to be divided." As noted in Garcia-Tunon, this statute has been narrowly construed with our supreme court holding in Weed v. Knox, 157 Fla. 896, 27 So.2d 419 (1946) that a remainderman, having no estate in possession is not entitled to partition against the other remainderman where there is an outstanding life estate, because such a right is not specifically granted by statute. The court in Weed explained that remaindermen with a life estate outstanding have no unity of possession or right of immediate possession and therefore are not joint tenants, tenants in common, or coparceners within the statute.
Garcia-Tunon considered the reverse situation and held that just as a remainderman cannot secure partition against another remainderman while the life estate is outstanding, neither can a life tenant seek partition against the remaindermen, because as between them, there is no joint interest. As explained by the court:
Section 64.031 refers to joint ownership of lands to be partitioned. Here, appellant alleges that she is a life tenant in the entire real property. She does not allege any joint interest with any other person. The purpose of the statute is to provide for partition only among those who have joint interests.

As stated in 1 American Law of Property § 4.96 (1952):
Partition means a severance of interests which to some extent at least are concurrent. It refers to such types of co-ownerships as tenancies in common and joint tenancies. It is true that, if land is conveyed to A for life, remainder to B in fee, A and B have interests in the same land, and in a sense may be said to be co-owners. But it is not the sort of co-ownership to which partition has been applied. (emphasis added).
Id. at 1379.
Pappas contends here, as she did below, that as a result of the exchange of deeds, she and Payton are tenants in common within the meaning of the statute.[1] Barden, on the other hand, contends that they are not tenants in common because they do not hold several and distinct titles, but hold only so long as Pappas is alive.
Payton's undivided interest in the life estate gave him the essential element needed for a tenancy in common, viz: unity of present possession with Pappas. They are thus tenants in common of Pappas' life estate, but they are nevertheless not entitled to partition against the remainder. Garcia-Tunon applies the generally accepted rule that as between cotenants of an estate for life, one may maintain a suit for partition against the other, but in the absence of positive statutory authorization, the holder of a life estate cannot maintain an action for partition against the remaindermen. 68 C.J.S. Partition, § 57 (1950).[2] This rule is not affected by the fact that the plaintiff shares an interest with one of the defendants in the remainder. Morris v. Morris, 383 N.W.2d 527 (Iowa 1986). See also, Rendle v. Wiemeyer, 374 Mich. 30, 131 N.W.2d 45 (1964) (joint tenants by virtue of devise precluded from bringing action against remaindermen); Lawson v. Bonner, 88 Miss. 235, 40 So. 488 (1906).
The interests in the remainder are successive to the interests in the life estate, and as such, the life tenant(s) may not partition the remainder. As Professor Simes notes,
Interests which are merely successive, and not concurrent, are not partitionable. Suppose land has been conveyed "to A for life, remainder to B and his heirs." *710 Would either A or B succeed in a partition proceeding in which a partition sale is sought? According to the statutes in nearly all jurisdictions, and according to equity doctrines, no partition sale would be ordered. The reason is that there are no interests held by co-tenants. The holders of successive interests, such as a life estate in severalty and a remainder in severalty, are not co-tenants. There is no possibility of them ever being entitled concurrently to possession of the same piece of land...
Simes, The Law of Future Interests, § 44 (Hornbook Series, 2d Ed., 1966).
The final judgment is reversed and the partition sale is set aside.
REVERSED.
SHARP, C.J., and COBB, J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We delete the citation to Rendle v. Wiemeyer, 374 Mich. 30, 131 N.W.2d 45 (1964) as not standing for the position for which it was cited. Except as to such deletion, the motion for rehearing is denied.
SHARP, C.J., and ORFINGER and COBB, JJ., concur.
NOTES
[1] For definitions of the term "tenants in common," see Black's Law Dictionary, 1315 (5th Ed. 1979). See also, II Blackstone Commentaries, Of the Rights of Things, § 192 (Droper Ed. 1922).
[2] Weed v. Knox, supra quotes extensively from Vol. 33, Am.Jur., and in particular refers to pages 22 and 23 of that volume "wherein among other things it is said that while a remainder or reversion will not be partitioned, that does not hinder an estate in possession from being partitioned among the co-tenants who have a present interest in the possession of the property." See also 59A Am.Jur.2d, Partition, § 37 (1987); Shrout v. Seale, 287 Ala. 215, 250 So.2d 592 (1971).