HARRIS, Judge.
The continuing dispute between the heirs of Louis Pappas is again before us. In Barden v. Pappas, 532 So.2d 707 (Fla. 5th DCA 1988), this court held that the widow holding a life estate could not partition property against the stepdaughter’s remainder interest. The partition sale was set aside and the case was remanded for the imposition of attorneys fees for the remainderman’s attorney.
On remand, the trial judge concluded that the attorneys fees were award *756 ed pursuant to Section 64.081, Florida Statutes (1987) and awarded $3,500. He then prorated the fee against the parties, including the remainderman, according to their interest in the property. This was error. Section 64.081 contemplates attorneys fees for effecting partition. Since partition was denied in this case, an award of attorneys fees under this section is inappropriate. This court in the earlier opinion, while not specifying so, awarded attorneys fees pursuant to Section 57.105 Florida Statutes (1987). While we affirm the amount of fees set by the court, we reverse the pro rata award and order that the entire amount be awarded against appellee.
Further, the trial court in trying to undo the partition sale ordered that the partition bid of $10,000 made by appellee and distributed to the parties and their attorneys be redeposited into the registry of the court. The court ordered that until the redeposit is made, appellee will have a lien on the property including the remain-derman’s interest in it. This also was error. Certainly the lien on the remainder-man’s interest should not be greater than the amount received by her or for her benefit. Since she and her attorney have both deposited their uncashed distribution checks with the court, there should be no lien on her interest.
In addition, in order to protect the property, the remainderman paid the 1986 real estate taxes in the amount of $1,596.38. Both parties agree that real estate taxes are the responsibility of the life tenant. On remand this amount plus legal interest shall also be awarded against appellee.
REVERSED and REMANDED for further proceedings consistent with this opinion.
DAUKSCH and W. SHARP, JJ., concur.