POLEN, Judge.
Gale Hillyer, the personal representative of her mother’s estate, appeals from an Order Concerning Petition to Determine Homestead Property, in which the probate court determined that the decedent’s one-half interest in her condominium passed pursuant to the residuary clause, rather than paragraph two of her will. We reverse.
This case involves the interpretation of language in the will of Elizabeth Hillyer who died on November 6, 1993. Paragraph II of the will which was executed on March 15, 1991, is the pertinent provision. It reads as follows:
With respect to any property which I may own jointly with one or more persons, either as joint tenants with rights of surviv-orship or otherwise, I do hereby confirm the same and direct that such property shall pass to the surviving joint tenant or tenants as the case may be.
The appellant, Gale Hillyer, as personal representative petitioned the court to determine that her one-half interest in a condominium, that she owned as tenants in common with the decedent, was homestead property and passed pursuant to the above quoted provision in the will. However, the probate court entered an order on December 19, 1994, determining that the decedent’s one-half interest in the condominium would pass pursuant to the residuary clause of the will, which was to be divided equally between Gale Hillyer and Douglas Van Allen Hillyer, *362 the appellee (decedent’s son). The decedent also executed a codicil to her will in which she made a specific bequest of a mobile home to Douglas Van Allen Hillyer.
The following language from the probate court’s order is essential to a complete understanding of why we believe that the trial court erred by determining that the decedent’s one-half interest in the condominium did not pass pursuant to paragraph II of her will, which is referenced above:
The Personal Representative argues that this paragraph shows that the intent of the decedent was that the condominium property shall pass to the joint tenant, her daughter because that is what this paragraph of the decedent’s will directs. The deed to the real property was executed prior to the execution of the will. The Court finds that the paragraph of the decedent’s mil does not establish a sufficient level of intent on the part of the decedent to change the nature of the real property from an asset which is one-half owned by the estate to an asset that would be owned entirely by the Personal Representative. The language is simply not specific enough to allow this Court to override the obvious language of the deed which placed the property in joint names with no sur-vivorship rights. Additionally, paragraph four of the will leaves all of the residue of the estate jointly to the two children of the decedent. That paragraph would specifically contradict what the Personal Representative labels as the specific intent of the testator as to the jointly held property. Finally, there is admitted into probate a codicil which was executed by the decedent in October of 1993, long after the deed to the property had been signed and long after the original will had been executed. The codicil specifically bequests a mobile home owned by the decedent to her son, one of the beneficiaries herein. Once again the court finds that by the execution of this codicil wherein the decedent made a determination as to a specific asset of the decedent, which was not titled in the son’s name, but which she specifically put into his name, to be an obvious intention on her part to specifically devise a particular asset of theirs to one of their children. If she were going to take the time, and the effort to go to an attorney and specifically devise this item to her son, then she could have at the same time exhibited the same intent as to the real property. This she did not do.
(Emphasis added.) The probate court’s error, which is apparent from the above reasoning, is that it considered documents and language outside the will where the language of paragraph II clearly leaves the decedent’s interest in the property that she owned as tenants in common with her daughter, to her daughter. See Adams v. Vidal, 60 So.2d 545 (Fla. 1952) (testator’s intention should be gleaned from four corners of will, unless language employed is ambiguous, in which case competent witnesses’ testimony may be received and considered as aid to court in determining such intention); Wilson v. First Florida Bank, 498 So.2d 1289 (Fla. 2d DCA 1986) (intent of testator should be determined from will itself, if possible; however, extrinsic evidence is admissible to explain intent of testator in cases of ambiguity).
Paragraph II as referenced above is not ambiguous for several reasons. First, it specifically references what property is being devised as it states, “any property which I may own jointly with one or more persons, either as joint tenants with rights of survivorship or otherwise.” A tenancy in common is considered jointly owned property. See Barden v. Pappas, 532 So.2d 707 (Fla. 5th DCA 1988) (partition means a severance of interests which to some extent at least are concurrent. It refers to such types of co-ownerships as tenancies in common and joint tenancies); In re Estate of Cleeves, 509 So.2d 1256 (Fla. 2d DCA 1987) (A tenancy in common is one type of joint interest or concurrent ownership that may exist in a fee). By using the term “or otherwise,” the decedent encompassed the property she owned as tenants in common. The language “to the surviving joint tenant” also sufficiently explains who the beneficiary was. As the language of paragraph II was clear and unambiguous, the one-half interest in the condominium should pass pursuant to that provision, and the trial court should not have *363 looked outside the mil to either the deed or the codicil. Therefore, we reverse.
KLEIN and PARIENTE, JJ., concur.