CARRIE DONLY et al., Appellants, v. THE METROPOLITAN REALTY & INVESTMENT COMPANY, A CORPORATION, Appellee.

Opinion filed May 24, 1916.

Homestead exemptions "inure to the widow and heirs of the party ,entitled to such· exemption" and "apply to all debts, except as specified," and such homestead is subject to partition among those entitled thereto as other property, upon the death of the head of the family.

Appeal from Circuit Court, Marion County; W. S. Bullock, Judge.

Affirmed.

*Richard McConathy* and *Robert A. Burford,* for Appellants;

*H. M. Hampton,* for Appellee.

WHITFIELD, J.—It appears that Corsey D. Donly died owning, among other property, a homestead, and leaving a widow, two minor children and an adult son of a former marriage. The widow elected to take a child's part of the deceased husband's estate. The appellee corporation acquired the interest of the adult son in the estate, and brought suit for partition. Pleas of the widow and two minor children that the homestead is not subject to partition, were overruled, and the defendants appealed.

Sections 1 and 2 of Article X of the Constitution are as follows:

"Section 1.    A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no

judgment or decree or execution shall be a lien upon exempted property except as provided in this article.

"Section 2. The exemptions provided for in section one shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section."

The provisions that the homestead property "shall be exempt from forced sale under process of any court," was not intended to prevent a partition of the homestead property among the beneficiaries thereof, even if a judicial sale be necessary to effect partition.

Section 2 above quoted provides that the exemptions named in the section one "shall apply to all debts except," thus showing the exemptions have reference to the debts of the owner of the homestead property upon which the exemptions are impressed.

Considering the terms and purpose of the homestead provisions of the constitution, it is manifest that a judicial sale if necessary for purposes of partition among the beneficiaries of a homestead, is not included in the exemption from forced sale under process of any court. There is nothing in the constitution indicating a purpose that homestead property may not be partitioned even by judicial process if that be necessary to a complete enjoyment of the property by those upon whom it is cast by the statutes of the State upon the death of the owner of the homestead. The exemptions "inure to the widow and heirs," and not to the widow and minor children. See Miller v. Finegan, 26 Fla. 29, 7 South. Rep. 140; Godwin v. King, 31 Fla. 525, 13 South. Rep. 108. The purpose of the law is to exempt the homestead property from forced sale for the debts of the owner who is entitled to the exemptions, and not to deny to the beneficiaries of homestead exemptions, who may be adults

with families of their own living away from the home-
stead, the right to a partition of the property where their
interests demand it.   See Faircloth v. Carroll, 137 Ala.
243, 34 South. Rep. 182; Kemp v. Kemp, 42 Ga. 523;
Hager v. Nixon, 69 N. C. 108; Robinson v. Baker, 47
Mich. 619, 11 N. W. Rep. 410; Fight v. Holt, 80 Ill. 84.

Affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and
ELLIS, JJ., concur.