230 So.2d 34 (1969)
George M. COGGAN, Appellant,
v.
Sarah M. COGGAN, Appellee.
No. 69-231.
District Court of Appeal of Florida. Second District.
December 31, 1969.
Henry P. Trawick of Millican & Trawick, Sarasota, for appellant.
Charles E. Early of Early & Early, Sarasota, for appellee.
McNULTY, Judge.
This is an action for partition, ancillary to a prior divorce proceeding, in which appellee (the former wife) seeks to partition marital property alleged to be now held by *35 her as tenant in common with appellant (her former husband). During the marriage of the parties, the property in question had been solely occupied and used exclusively by appellant, who is a physician, as his professional office; and he has continued to so occupy said office from and after the divorce and up until the time of this action. In addition to partition, appellee prayed for an accounting of one-half the rental value of the subject office building during the time from the termination of the divorce action until such time as the court would order a partition sale.
Appellant counterclaimed for partition of appellee's present residence which, pursuant to the final decree of divorce, had been substituted for the marital home and purchased as a tenancy in common in the names of the parties. The divorce decree also gave the exclusive possession of such residence to the appellee.
The issues at trial were whether or not plaintiff-appellee was entitled to an accounting from the defendant-appellant to the extent of one-half the rental value of the office building because of defendant's exclusive use thereof; and secondly, whether or not on his counterclaim, appellant was entitled to a partition of the residence occupied by appellee. At the conclusion of the trial the court denied the counterclaim and granted the relief prayed for by appellee. In granting appellee's prayer the court ordered a partition sale of the office building, which is not questioned here; but at the same time, the court ordered an accounting in favor of appellee to the extent of one-half of the rental value of the appellant's professional office for the critical period of appellant's occupancy thereof. Final judgment was entered thereon, and this appeal ensued. We affirm.
Appellant's first point on appeal urges that the trial court was in error in denying his counterclaim. The validity of this point turns on the legal effect of the final decree of divorce which gave the wife the exclusive right to possession of her present residence notwithstanding that title was to be held by her as tenant in common with the husband. The law on this point appears to be well settled in Florida.[1] That is to say, that a trial judge in a divorce case has inherent authority to decree exclusive possession of entireties property to the wife, for use as her residence, even though subsequent to the divorce such property will be held by the parties as tenants in common. The husband is thereby sufficiently denied the right to immediate possession which, pursuant to a long-standing rule, operates as a bar to his entitlement to present partition.[2] Appellant's first point, therefore, must fall.
In his second point on appeal, appellant complains that the trial court erred in granting an accounting in favor of appellee as aforesaid, although the amount decreed is not in dispute here. The law involved on this point is, that when one cotenant has exclusive possession of lands owned as tenant in common with another and uses those lands for his own benefit and does not receive rents or profits therefrom, such cotenant is not liable or accountable to his cotenant out of possession unless such cotenant in exclusive possession holds adversely or as the result of ouster or the equivalent thereof. This was the rule of common law, as modified by the Statute of Ann, and as it was expressly adopted as the law of Florida in 1875 by our Supreme Court in Bird v. Bird.[3] The rule has persisted unchanged and has heretofore been recognized by this court.[4] Thus it appears *36 that appellant's point is well taken unless the case falls within one of the exceptions to the rule; i.e., unless it is shown that appellant held exclusive possession of his professional office adversely to appellee, or as the result of ouster or the equivalent thereof.[5] We think appellant's actions have been the equivalent of ouster.
The record reveals that appellant consistently denied that a cotenancy of any kind ever existed between appellee and him in the subject office building. He denied it in his answer to appellee's complaint for partition; and, further, in his counterclaim he contended that appellee's name was on the deed to the property through scrivener's error. Indeed, a portion of his counterclaim prayed that the deed be reformed by striking appellee's name therefrom. He subsequently abandoned this portion of his counterclaim during the trial hereof expressly because of lack of evidence to substantiate scrivener's error, and not because he reversed his position as to appellee's interest. Accordingly, the trial court correctly determined the cause on the assumption that the parties were tenants in common as reflected by the terms of the deed.
Furthermore, and in addition to the foregoing evidence of his denial of appellee's cotenancy, appellant testified at trial, on cross-examination, as follows:
"Q. At this time do you consider yourself the sole owner of that property?
A. Yes, I did. [sic]
Q. Have you done so since the final decree of divorce?
A. I have always considered myself to be the sole owner of this property ever since I purchased the property.
Q. Your position then is Mrs. Coggan had no right to possession of the property or any other right in regard to the property?
* * * * * *
Q. Well, is my statement correct as to your position?
A. My position is that I am the sole owner of that property since I purchased it.
Q. She has no right to the property?
A. That is correct.
Q. She had no right to possession of the property?
A. That is correct.
* * * * * *
Q. You have occupied the property as sole owner?
A. I believe I have occupied the building as sole owner."
It is patent, therefore, that appellant has from the beginning denied any right, title or interest to the building in appellee. Under such circumstances he cannot now be heard to deny exclusive adverse possession to the extent that it may be equated with ouster.[6] Under the rule established in Bird, supra, therefore, appellant is liable to account to appellee for her share of the rental value of the premises.
Accordingly, the judgment appealed from should be, and it is hereby,
Affirmed.
LILES, A.C.J., and PIERCE, J., concur.
NOTES
[1] Radford v. Radford (Fla.App.1st 1960), 117 So.2d 522; and Black v. Miller (Fla.App.3d 1969), 219 So.2d 106.
[2] See, Weed v. Knox (Fla. 1946), 27 So.2d 419.
[3] (Fla. 1875), 15 Fla. 424.
[4] See, Taylor v. Taylor (Fla.App.2d 1960), 119 So.2d 811, 813.
[5] See, 51 A.L.R.2d 388, 437, § 13.
[6] See, 51 A.L.R.2d 388, 441, § 14.