329 So.2d 19 (1976)
Betty P. HOSKIN, Appellant,
v.
James R. HOSKIN, Appellee.
No. 75-414.
District Court of Appeal of Florida, Third District.
January 20, 1976.
Charles J. Crowder, South Miami, for appellant.
Abbott, Frumkes & Alhadeff and Eliot C. Abbott, Miami Beach, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The appellant Betty Hoskin is the former wife of the appellee James R. Hoskin. Their marriage was dissolved on June 4, 1974. One of the provisions of the final judgment was: "Until the said resident dwelling can be sold by the parties, the wife is hereby granted exclusive possession thereof to reside therein with the minor children of the parties." On June 20, 1974, the former husband, James Hoskin, filed a complaint for partition in which he alleged that by action of law he was a tenant in common of the residence property and prayed for a public sale of the property in order to achieve the partition. The trial judge entered a summary final judgment granting the partition. This appeal is from that judgment.
The substantial question raised is whether the circuit court may order a partition *20 of property which is being occupied by a divorced wife and minor children with the wife as the head of the family. The appellant maintains that the court may not proceed to partition property under such circumstances. She relies upon two propositions. The first is that where property is burdened with the support of a divorced wife and children, it may not be partitioned; the second is that the property on which the former wife and children are residing has acquired homestead character and, as such, is exempt from partition sale by Fla. Const. Art. 10, § 4. The plaintiff husband urges that the judgment of partition is correct because it is an execution of the dissolution judgment as that judgment was intended and interpreted by the trial judge who tried both the dissolution action and the partition action.
We hold that the trial judge is without power to amend his judgment in this manner and that judgment of partition may not lie against the homestead of the wife and children under the circumstances of this case. The residence of the parties was, during the marriage, held as an estate by the entirety. At the time of the dissolution of marriage, the former husband and wife became tenants in common. See Fla. Stat. § 689.15, and Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481. The final judgment dissolving the marriage affirmatively shows that the trial judge recognized this fact and provided for the use of the residence in the following portions of that judgment.
* * * * * *
"8. During the marriage the parties owned as an estate by the entirety a single family resident dwelling situate at 11620 S.W. 138th Street, Miami, Florida, the legal description of which is:
Lot 7, Block 71, REPLAT OF PORTION OF RICHMOND HEIGHTS, according to the Plat thereof recorded in Plat Book 60 at page 21 of the Public Records for Dade County, Florida.
There are two mortgages encumbering the said real property, a first mortgage given to Washington Security Company, dated May 3, 1962 and subsequently assigned to Federal National Mortgage Associations the payments on which are being collected by Atico Mortgage Corp.; and a second mortgage given to First National Bank of South Miami, dated October 6, 1972. By virtue of this Final Judgment the parties shall now hold title to said property as tenants in common. The parties shall therefore share equally in all payments required on account of the two enumerated mortgages and on all Ad Valorem Taxes thereon and fire and extended coverage insurance thereon until such time as said residence is sold and upon sale of said residence the net proceeds from the sale shall be divided equally between the parties. All of the furniture, furnishings, fixtures, appliances, tools and equipment in and about the said resident dwelling shall also be owned equally by the parties and a genuine attempt shall be made by the parties, upon sale of the resident dwelling, to divide such personal property among them in as nearly equal amounts as can be agreed upon. However, if no agreement can be made then the parties shall own same equally, shall dispose of same and divide the proceeds between themselves equally.
"9. Until the said resident dwelling can be sold by the parties the wife is hereby granted exclusive possession thereof to reside therein with the minor children of the parties. The Respondent shall remove himself from the said premises and vacate same on or before Saturday, June 1, 1974 turning the keys therefor over to the Petitioner or to her representative. The Respondent may remove all of his personal effects from the said resident dwelling but shall not remove any of the furniture, furnishings, fixtures or appliances, tools or equipment situate therein."
* * * * * *
It is possible that, as contended by the former husband, the trial judge intended that the property should be quickly sold. *21 But if this is so, it nowhere appears in the judgment. It is equally possible that the trial judge intended that the parties, as intelligent parents interested in the welfare of their children, should not sell the house until a suitable replacement could be found and its purchase arranged for. The only certainty involved as to the future of the residence property is that each party was to bear one-half of the expenses of the mortgage payments, taxes and maintenance, and that the wife and the children were to occupy the property until it was, in fact, sold.
The residence of the parties was undoubtedly a homestead during the period prior to the dissolution of the marriage. At the time of the dissolution, the father was no longer the head of the family and the mother was placed in his stead by the judgment of dissolution which granted to her the custody, control and responsibility for the children. Therefore, the property was a constitutional homestead at the time of the filing of the complaint for partition sixteen days after the judgment of dissolution.
The remaining question is whether or not Fla. Const. Art. 10, § 4, prohibits the partition of a homestead property.[1] We hold that it does.
We take special note of the cases brought to our attention by the appellant. See Weed v. Knox, 1946, 157 Fla. 896, 27 So.2d 419; Pollack v. Pollack, 1947, 159 Fla. 224, 31 So.2d 253; Black v. Miller, Fla.App. 1969, 219 So.2d 106; Coggan v. Coggan, Fla.App. 1969, 230 So.2d 34; and Daniels v. Katz, Fla.App. 1970, 237 So.2d 58. In all of these cases, there appears the basic proposition
"... that a trial judge in a divorce case has inherent authority to decree exclusive possession of entireties property to the wife, for use as her residence, even though subsequent to the divorce such property will be held by the parties as tenants in common. The husband is thereby sufficiently denied the right to immediate possession which, pursuant to a long-standing rule, operates as a bar to his entitlement to present partition." 230 So.2d 34 at 35.
The appellee would argue that these cases are distinguishable from our present case where the appellant has not been given "exclusive possession" by the trial court. However, the appellee does concede in his brief that the appellant was given "exclusive possession" of the residence at least until the house could be sold. This, we hold, satisfies the requirements for "exclusive possession." Accordingly, the appellant is protected by the above cited cases from the consequences of the appealed order of partition.
*22 Therefore, even under the present circumstances, we find ourselves specifically prohibited by the Florida Constitution and cited cases from affirming an order of partition of homestead. We do point out, however, that the appellant is still subject to the lower court order of June 4, 1974, calling for a sale of the residence, which the trial judge unquestionably intended should take place within a "reasonable time." Therefore, the appellant, under the dissolution order, is not afforded protection from orders other than the present partition order and, accordingly, may not avoid the consequences of a contempt, or other appropriate, order that the trial court deems fit to enter, if so petitioned.
The order of partition is hereby reversed and the cause remanded.
HENDRY, J., dissents.
NOTES
[1] * * * *
"SECTION 4. Homestead; exemptions. 
"(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family;
"(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;
"(2) personal property to the value of one thousand dollars.
"(b) These exemptions shall inure to the surviving spouse or heirs of the owner.
"(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law."
* * * * *