342 So.2d 88 (1977)
Don TULLIS, Appellant,
v.
Shirley D. TULLIS, Appellee.
No. BB-236.
District Court of Appeal of Florida, First District.
January 28, 1977.
As Corrected On Denial of Rehearing March 3, 1977.
David R. Lewis, of Blalock, Holbrook, Lewis, Paul & Issac, Jacksonville, for appellant.
Barry L. Zisser, of Zisser & Robison, Jacksonville, for appellee.
McCORD, Judge.
This is an appeal from a final judgment of partition of real property. The pertinent facts are as follows:
During the marriage between appellant, Don Tullis, and appellee, Shirley Tullis, they owned the home in which they lived as an *89 estate by the entireties. Prior to dissolution of the marriage, Shirley moved from the home, and Don's minor daughter by a previous marriage continued living in the home with him. The final judgment of dissolution made no disposition of the respective interests of the parties in the home and did not award possession to either. Don continued to live in the home with his daughter and Shirley brought this suit for partition of the property now owned by the parties as tenants in common. Both parties agree that the property is not divisible and Don contended in the trial court that Art. X, § 4, of the Florida Constitution (the homestead exemption provision) prohibits forced sale of the property to satisfy their respective 50% interests because he occupies the property with his daughter as head of a household.
Art. X, § 4(a) of the Florida Constitution provides in pertinent part as follows:
"There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family: (1) a homestead, . .."
The trial court in the final judgment of partition ruled that the defendant's claim of homestead was not applicable to this situation and ordered sale of the property. Appeal is taken therefrom.
The sole question is whether or not the foregoing constitutional prohibition against forced sale of a homestead under court process prohibits a court-ordered sale in a partition suit of indivisible property which is occupied as a homestead by one of two co-tenants. While it is not necessary that the entire estate in property be vested in one occupying land as a homestead before it may be impressed as homestead in character, the homestead exemption applies only to the beneficial interest owned by the head of a family. Morgan v. Bailey, 90 Fla. 47, 105 So. 143 (1925). Homestead exemption extends to any right or interest the head of a family may hold in land. Bessemer Properties, Inc. v. Gamble, 158 Fla. 38, 27 So.2d 832 (1946). Thus, Don is entitled to homestead exemption upon his 50% interest in the subject property, but he has no exemption in relation to Shirley's 50% interest. Inasmuch as their respective interests are not separable other than by sale in the partition suit, must Shirley submit to Don's possession and use of the entire property (neither having been awarded the right to possession over the other by the final judgment of dissolution of their marriage) and give up her equal right to the property until such time as it ceases to be occupied by Don as a homestead? We think not. The constitutional homestead exemption was never intended to operate in such manner. As to forced sale by process of court, it is obvious that the exemption was only intended to protect the head of a household from forced sale to satisfy his debts and was not intended to deny to a co-owner of the property his interest therein. In Donly v. Metropolitan Realty & Investment Co., 71 Fla. 644, 72 So. 178 (1916), the Supreme Court said:
"The provisions that the homestead property `shall be exempt from forced sale under process of any court' was not intended to prevent a partition of the homestead property among the beneficiaries thereof, even if a judicial sale be necessary to effect partition.
Section 2, above quoted, provides that the exemptions named in the section one `shall apply to all debts except,' thus showing the exemptions have reference to the debts of the owner of the homestead property upon which the exemptions are impressed.
Considering the terms and purpose of the homestead provisions of the Constitution, it is manifest that a judicial sale, if necessary for purposes of partition among the beneficiaries of a homestead, is not included in the exemption from forced sale under process of any court. There is nothing in the Constitution indicating a purpose that homestead property may not be partitioned even by judicial process if *90 that be necessary to a complete enjoyment of the property by those upon whom it is cast by the statutes of the state upon the death of the owner of the homestead. The exemptions `inure to the widow and heirs,' and not to the widow and minor children. See Miller v. Finegan, 26 Fla. 29, 7 So. 140, 6 L.R.A. 813; Godwin v. King, 31 Fla. 525, 13 So. 108. The purpose of the law is to exempt the homestead property from forced sale for the debts of the owner who is entitled to the exemptions, ..." (Emphasis supplied.)
Donly dealt with Art. X of the Constitution of 1885 rather than the present Constitution. § 2 of Art. X of the Constitution of 1885 referred to in the above quote stated as follows:
"The exemptions provided for in section one shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section."
The wording of the present Constitution which corresponds to § 2 of the Constitution of 1885, is contained in subsection (b) of § 4 of Art. X and states as follows:
"These exemptions shall inure to the surviving spouse or heirs of the owner."
While the words "and shall apply to all debts, except as specified in said section" have been omitted, we do not conclude therefrom that there was an intent to include within the phrase "exempt from forced sale under process of any court" a meaning that such exemption applies to a partition suit sale made for the purpose of allotting to a co-owner his interest in the property.
We have considered the opinion of the District Court of Appeal, Third District, in Hoskin v. Hoskin, 329 So.2d 19 (3 DCA 1976). While the circumstances of that case were similar to a large degree with those of the case sub judice, there is a material factual distinction between the two cases. As we construe Hoskin, the court ruled that partition would not lie upon the suit of the former spouse (co-tenant) to defeat the court's award of exclusive possession of the home to the other spouse (co-tenant). Such ruling is compatible with Coggan v. Coggan, 230 So.2d 34 (2 DCA 1969). Also compare Condrey v. Condrey, 92 So.2d 423 (Fla. 1969). In the case sub judice, however, there was no award of exclusive possession to either party.
Although the court in Hoskin discussed the constitutional homestead exemption, we do not consider that its ruling was based upon such exemption. To any extent that it may have been grounded upon the exemption, however, we respectfully disagree with the applicability of the exemption.
AFFIRMED.
RAWLS, Acting C.J., and SMITH, J., concur.