MILLS, Acting Chief Judge.
Mr. Davies appeals from a final judgment dissolving the marriage between him and Mrs. Davies. He contends that the trial court erred in awarding exclusive possession of the marital home to his former wife and minor children, in awarding Mrs. Davies permanent alimony, in awarding $755.00 a month for alimony and child support and in awarding the five children of the parties to Mrs. Davies.
The trial court awarded sole possession of the home, held by the entireties, to Mrs. Davies and the children until the home was sold, even though subsequent to the rendition of the judgment the property would be held by the parties as a tenancy in common. A trial court in a dissolution of marriage action has inherent authority to award exclusive possession of entireties’ property to the wife for use as a home by her and the parties’ children, although subsequent to the rendition of the judgment of dissolution the property will become a tenancy in common. Hoskin v. Hoskin, 329 So.2d 19 (Fla.3d DCA 1976). Under the facts of this case, the action taken by the court was proper because Mrs. Davies’ petition contained a prayer for exclusive possession of the marital home, she was awarded custody of the children and exclusive possession was given to her and the children until the home was sold. The requirements of exclusive possession are satisfied by the facts of this case. Hoskin v. Hoskin, supra, and Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975).
The trial court awarded Mrs. Davies $50.00 a week permanent alimony. The purpose of alimony is to provide nourishment, sustenance and the necessities of life to a former spouse who has neither the resources nor the ability to be self-sustaining. Tierney v. Tierney, 290 So.2d 136 (Fla.2d DCA 1974). “In determining a proper award of alimony, the court may consider any factor to do equity and justice between the parties.” Section 61.08(2), Florida Statutes (1975). The trial court has broad discretion in determining the amount of alimony. Kahn v. Kahn, 78 So.2d 367 (Fla.1955).
Mr. Davies receives a monthly gross salary of $1,599.33 which nets him $1,195.00. Mrs. Davies, though presently unemployed, worked for seven years before this marriage and worked during this marriage except for the last year. She admits that she is capable of returning to work. She has been awarded custody of five minor children. Four of them are attending school. The youngest child is two and one-half years of age. Although Mrs. Davies desires to stay at home to care for him, she worked during the infancy of the other children. The trial court awarded child support of $125.00 a week, required Mr. Davies to maintain a medical and health insurance policy on the children, to pay all of their medical and dental expenses which have been amounting to approximately $20.00 a week, to pay Mrs. Davies’ attorney a fee of $1,100.00, to reimburse Mrs. Davies’ costs of $246.80, and to pay debts incurred prior to 1 November 1974 of approximately $2,000.00. Mrs. Davies was given exclusive possession of the home, she was given an automobile, and she was given one-half of the joint savings account. In addition, when the home is sold she will receive one-half of the net proceeds. She is 38 years of age.
Under the facts of this case and the applicable law, we conclude that the award of $50.00 a week permanent alimony is excessive. However, in order to give Mrs. Davies an opportunity to develop new employment skills, to find employment, to obtain proper care for her youngest child and to provide' her with adequate funds during this period, we will not disturb the $50.00 a week award, but we do find that it should be considered as rehabilitative alimony and limited to three and one-half years from the date of the final judgment rendered in this case.
*819 The record presented to us does not show an abuse of discretion by the trial court in awarding custody of the children to Mrs. Davies nor in awarding $125.00 per week for support of the five minor children.
We, therefore, affirm the final judgment in all respects, except the award of $50.00 per week permanent alimony which we reverse. We remand this case to the trial court for appropriate action in accordance with this opinion.
ERVIN, J., and JOPLING, WALLACE M., Associate Judge, concur.