MILLS, Acting Chief Judge,
concurring in part and dissenting in part:
I concur in part and dissent in part.
Mr. McDonald appeals from a final judgment dissolving the marriage between him and Mrs. McDonald. He contends the trial court erred in awarding Mrs. McDonald permanent alimony of $350.00 a month and in awarding her exclusive use and occupancy of the family home for two years. I agree.
The purpose of alimony is to provide nourishment, sustenance and the necessities of life to a former spouse who has neither the resources nor the ability to be self-sustaining. In determining a proper award of alimony, the court may consider any factor to do equity and justice between the parties. Davies v. Davies, 345 So.2d 817 (Fla. 1st DCA 1977), opinion filed, April 29,1977.
Mrs. McDonald is 39 years of age. She was married at 16 years of age. She has a seventh grade education. During the marriage, she worked as a waitress, supermarket clerk, school bus driver and nurse’s aide. Because of a limited education, she had difficulty holding these jobs. There are no minor children.
Mr. McDonald is employed at an hourly rate of $5.25. During the six months before the final hearing in this case, his gross wages were $872.50 a month. Prior to that time, he received gross wages of approximately $1,000.00 a month, including overtime. He anticipates his gross monthly wage will remain at $872.50 because of plant shutdowns and periodic layoffs.
Mrs. McDonald was awarded lump sum alimony of approximately $10,000.00 and was awarded an interest in real property of approximately $28,000.00. She had a savings account of almost $4,000.00.
Under the facts of this case and the applicable law, the award of $350.00 a month permanent alimony is excessive. However, in order to give Mrs. McDonald an opportunity to complete her éducation, to develop employment skills, to find employment and to provide her with adequate funds during this period, I would not disturb the $350.00 a month award, but I would find that it should be considered as rehabilitative alimony and limited to five years from the date of the final judgment rendered in this case.
Exclusive possession of jointly owned property can only be awarded to a mother with minor children in her custody or as lump sum alimony. Ranes v. Ranes, 311 So.2d 370 (Fla.2d DCA 1975); Saviteer v. McAdoo, 310 So.2d 28 (Fla.2d DCA 1975).
There were no minor children in this case nor was the exclusive use and occupancy of the marital home awarded to Mrs. McDonald as lump sum alimony. The court erred in its award of the use and occupancy *612 of the home by Mrs. McDonald. It necessarily follows that the court has no authority under the facts of this case to restrain Mr. McDonald from partitioning the marital home which has now become a tenancy in common.
I would reverse the award of $350.00 a month permanent alimony to Mrs. McDonald and would reverse the award of exclusive use and occupancy of the marital home by Mrs. McDonald for two years. I would award Mrs. McDonald $350 a month rehabilitative alimony for five years from the date of the final judgment. In all other respects, I would affirm the judgment.
Affirmed in part and reversed in part.