DAUKSCH, Judge.
Appealed is an Order denying a Petition for Modification of a Final Judgment in a dissolution case.
The Petition seeks an “Order of Modification reducing the alimony, child support or marital home obligations, or any or all of the same.” In the Final Judgment’ the court had required the husband to pay alimony, child support and house payments, among other things. The Final Judgment also gave the exclusive right of occupancy of the marital home to the wife as long as she is unmarried and has custody of the child. It is obvious the husband was seeking only a reduction in the amount of his monthly payments because of the above quoted prayer and the allegations of reduced ability to pay in the allegata portion of the Petition for Modification. Nevertheless, the court ordered:
“1. Husband’s Petition for Modification is denied.
“2. This determination is without prejudice to the filing of a separate lawsuit for Partition by either of the parties as they may be advised.”
The second numbered paragraph in the Order must be stricken because it has no effect on the relationship between the parties as concerns the home; it only serves to confuse. The husband did not seek a modification of the Final Judgment as to exclusive occupancy or ownership of the house, so an order in that regard is unwarranted.
As might be expected the husband filed a suit for partition which is pending below, although abated in anticipation of this opinion. The reason set out in the Order of abatement is that the property is “non-par-titional.” This is correct. Hoskin v. Hoskin, 329 So.2d 19 (Fla.3d DCA 1976).
Although the words in the appealed Order are surplusage, they have caused the parties to be uncertain so we order them stricken. With the words “This determination is without prejudice to the filing of a separate lawsuit for Partition by either of the parties as they may be advised” stricken the Order appealed from is affirmed.
AFFIRMED AS MODIFIED.
CROSS and DOWNEY, JJ., concur.