RYDER, Judge.
Appellant, defendant below, appeals a final summary judgment of partition and argues the trial court erred in ordering a sale of alleged homestead property which was the subject of a prior divorce decree and by issuing a judgment upon a matter entirely outside the issues made by the pleadings.
While we believe partition of property under these circumstances may be proper and is not, in fact, barred by the Constitution, [see, Tullis v. Tullis, 342 So.2d 88 (Fla. 1st DCA 1977)], it is fundamental that a summary judgment based on matters entirely outside of the issues made by the pleadings cannot stand. Chandler v. Chandler, 330 So.2d 778 (Fla. 1st DCA 1976), Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974), and Cortina v. Cortina, 98 So.2d 334 (Fla.1957). The trial court did, in fact, include in its final summary judgment a finding that subject property was encumbered by a mortgage and that such property should be sold subject to same. The mortgage had not been pleaded, thus, clearly the judgment cannot stand, therefore. The final judgment entered is reversed and the cause remanded to the trial court, without prejudice to the parties, for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
BOARDMAN, C. J., and OTT, J., concur.