360 So.2d 375 (1978)
Don TULLIS, Petitioner,
v.
Shirley D. TULLIS, Respondent.
No. 51206.
Supreme Court of Florida.
April 5, 1978.
Rehearing Denied July 25, 1978.
*376 David R. Lewis of Blalock, Holbrook, Lewis, Paul & Isaac, Jacksonville, for petitioner.
Barry L. Zisser of Zisser & Robison, Jacksonville, for respondent.
HATCHETT, Justice.
We must determine whether or not Article X, Section 4, Florida Constitution (1968)[1] prohibits the partition of homestead property, upon suit brought by another cotenant owning an undivided interest in that property. The First District Court of Appeal in this case, reported at 342 So.2d 88 (Fla.1st DCA 1977) held that it did not. That decision creates conflict with Hoskin v. Hoskin, 329 So.2d 19 (Fla.3rd DCA 1976) *377 giving this court jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution. We hold, with the First District, that our constitutional provisions allow the partition and forced sale of homestead property upon suit by one of the owners of that property, if such partition and forced sale is necessary to protect the beneficial enjoyment of the owners in common to the extent of their interests in the property.[2]
The parties in this case lived during their marriage in a home owned by them as tenants by the entirety.[3] Prior to the dissolution of their marriage the wife moved from the home, but the husband's minor daughter by a previous marriage continued living in the home with the husband. The final judgment of dissolution made no disposition of the parties' respective interests in the home, and did not award exclusive possession to either party. The husband continued to live in the home with his daughter, and the wife brought suit for partition of the property, then owned by the parties as tenants in common. Both parties agree that the property is not divisible. The trial court rejected the husband's claim that the homestead provision in the state constitution prevents the forced sale of this property. The appellate court affirmed the trial court's ruling, holding that the homestead provision was never intended to preclude forced sale following a suit for partition by an owner in common.
In Hoskin, the parties were granted a dissolution of marriage containing a provision which granted to the wife exclusive possession of the family home until that house was sold by the parties. Soon after the entry of this final judgment, the husband filed a complaint for partition alleging that he was a tenant in common of the residence, and seeking a public sale of the property in order to achieve the partition. The trial court granted the partition action, but the appellate court reversed, stating that the trial court was without power to amend its previously entered judgment. In addition, the court held that the property was a constitutional homestead at the time of the filing of the complaint for partition, and thus was exempt from forced sale. Clearly, Hoskin involved an important factor not present in the instant case. There, the wife was granted exclusive possession of the family home until it could be sold by the parties. In the present case neither party was given exclusive possession of the home. This distinguishing factor could be sufficient for this court to deny review under conflict jurisdiction. However, because of the clear and express holding of the district court in Hoskin, which is contrary to the holding of the district court in this case, we believe it necessary to exercise our discretion and resolve confusion on this legal issue.[4]
The purpose of the homestead exemption provision in our state constitution is to protect the family home from forced sale for the debts of the owner and head of the family. However, this court has never held that the homestead provision precludes a common owner of property from suing for partition and obtaining a forced sale in order to obtain the beneficial enjoyment of her interest in the property. In Donly v. Metropolitan Realty & Investment Co., 71 Fla. 644, 72 So. 178 (1916), this court held *378 that a claim of homestead exemption would not prevent the forced sale of certain property upon suit for partition by one of the owners in common of that property.[5] There, the ownership of homestead property passed from the head of the household upon his death to the widow and children. Although the widow and two minor children lived on the property and claimed homestead exemption, this court denied their claim of exemption from forced sale against a suit for partition by a realty investment company which had purchased an undivided interest in that property from one of the other adult children of the deceased former owner. Our holding in Donly, supra, and in the present case appear consistent with the prevailing majority view throughout the rest of the country. See, 140 A.L.R. 1170.
Homestead interests should be protected from forced sale wherever possible, but not at the expense of others owning interests in the property. In this case, both parties have agreed that the property is indivisible, and that forced sale is the only method through which the wife can obtain beneficial enjoyment of her one half undivided interest in the property. Further, the trial court did not grant to the husband in this case exclusive possession of the family home as alimony or child support.
Accordingly, therefore, we approve the First District Court's decision, and remand for further action on the partition suit.
It is so ordered.
OVERTON, C.J., and BOYD, SUNDBERG and KARL, JJ., concur.
ADKINS, J., concurs in result only.
ENGLAND, J., dissents.
NOTES
[1] Article X, Section 4, Florida Constitution, provides: SECTION 4. Homestead  exemptions.

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;
(2) personal property to the value of one thousand dollars.
(b) These exemptions shall inure to the surviving spouse or heirs of the owner.
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.
[2] The court should make reasonable efforts to preserve the homestead interest if the property is divisible.
[3] This court has recently recognized, in Moxley v. Wickes Corp., 356 So.2d 785 (Fla. 1978), that property owned as a tenancy by the entireties can acquire homestead status for purposes of exemption from taxation and from forced sale.
[4] The Third District has issued a subsequent opinion in Hoskin v. Hoskin, 349 So.2d 755 (Fla.3d DCA 1977) affirming the trial court's clarification and modification of its previous order concerning the sale of the family home. The trial court had retained jurisdiction on this matter, and ordered the wife to make every reasonable effort to sell the home. If the home was not sold within six months then the wife's exclusive possession of the home was terminated. The district court may have recognized the too broad nature of its prior opinion, and held here that the wife's "[l]ater acquired homestead rights cannot operate to defeat the provisions of the final judgment under which the former wife secured the right of possession." Hoskin, supra, 349 So.2d at 758.
[5] The constitutional homestead provision in effect at that time was substantially similar to our present text.