455 So.2d 1137 (1984)
Carol OSTYN, Appellant,
v.
Lucille OLYMPIC, Appellee.
No. 83-2082.
District Court of Appeal of Florida, Second District.
September 19, 1984.
David Carter and Harvey V. Delzer of Delzer, Edwards, Coulter, Parker & Carter, Port Richey, for appellant.
Richard B. Denbo, Holiday, for appellee.
DANAHY, Judge.
In an action to quiet title to real property, the plaintiff appeals a final summary judgment in favor of the defendant. We reverse.
The facts appear not to be in dispute. In 1971 Steve Olympic, a single man at that time, executed a deed conveying the property in question to himself and three other persons as joint tenants with right of survivorship. Two of these other persons were Steve Olympic's sister and brother-in-law. The third person was his sister's daughter, Steve Olympic's niece, and the plaintiff in this suit.
Steve Olympic's sister and brother-in-law died, and then Steve Olympic died on August 22, 1982. The defendant had married Steve Olympic on September 12, 1975, and they resided on the property as their marital home. The defendant is currently in possession of the premises.
The plaintiff brought this suit to establish her ownership of the property as sole surviving joint tenant. On the plaintiff's motion for summary judgment, the trial judge entered an order adjudging that the defendant's "homestead right" as Steve Olympic's surviving spouse attached to the marital home acquired by her husband prior to their marriage and that right intervened with the rights of the plaintiff as surviving joint owner of the property. The court then declared that the plaintiff's rights as surviving joint tenant vested upon the death of Steve Olympic but subject to a life estate in the defendant as Steve Olympic's surviving spouse.
*1138 We can discern no basis for the trial judge's ruling in this case. While it is not necessary that the entire estate in property be vested in one occupying land as a homestead before it may be impressed as homestead in character, the homestead exemption applies only to the beneficial interest owned by the head of a family. Tullis v. Tullis, 342 So.2d 88 (Fla. 1st DCA 1977), approved, 360 So.2d 375 (1978). Our supreme court early held that where a marital residence is owned by spouses as tenants by the entireties, it becomes upon the death of one spouse the sole property of the remaining spouse to the exclusion of the heirs of the decedent, even though occupied during the lifetime of both parties as a homestead. The court said: "The homestead provisions of the Constitution adopted for the benefit of heirs of the head of a family to take effect upon his demise do not apply to such property and it may be disposed of by tenants by the entireties as may any other property not exclusively owned by the head of a family and occupied by him as a homestead." Denham v. Sexton, 48 So.2d 416 (Fla. 1950).[1] The same reasoning applies, in our view, to a marital home jointly owned by the head of a family and a person other than his or her spouse.
There is no dispute that the marital home of the defendant and Steve Olympic was in fact owned by him and the plaintiff as joint tenants with right of survivorship, an estate which can be created in Florida. § 689.15, Fla. Stat. (1983). Accordingly, on Steve Olympic's death, there was no property interest then owned by him to which a homestead interest could attach for the benefit of the defendant.
For the foregoing reasons, we reverse and remand with directions to enter final judgment for the plaintiff.
REVERSED AND REMANDED.
RYDER, C.J., and OTT, J., concur.
NOTES
[1] The holding of the supreme court in Denham v. Sexton, supra, is now part of Florida statutory law. § 732.401(2), Fla. Stat. (1983). That section of the statutes was enacted in 1975. Ch. 75-220, § 17, Laws of Fla.