487 So.2d 1099 (1986)
Wanda B. WESCOTT, Appellant/Cross Appellee,
v.
William J. WESCOTT, Appellee/Cross Appellant.
No. 85-392.
District Court of Appeal of Florida, Fifth District.
March 27, 1986.
Rehearing Denied April 30, 1986.
James R. Lavigne, Maitland, for appellant/cross appellee.
Jack B. Nichols, of Jack B. Nichols, P.A., Orlando, for appellee/cross appellant.
UPCHURCH, Judge.
Wanda Wescott appeals a final judgment ordering the partition and sale of the marital residence. Her former husband, William *1100 Wescott, cross appeals a final judgment which denied his tort claim for the wife's refusal to sell or rent the home.
In the judgment of dissolution of the parties' marriage in 1981, the husband was given exclusive possession of the home so long as the children, who were placed in his custody, were minors. In 1984, after the youngest child turned eighteen years old, the husband moved into another home and attempted to sell the marital residence but the wife was uncooperative. The husband then sought partition. In October, 1984, the wife moved into the home and claimed it as her homestead.
The first point raised by the wife is that the trial court erred in entering a judgment of partition of her homestead. At trial, the husband testified that he had placed a mortgage on the marital home to secure the unpaid attorney's fees in this case. The wife argues that the partition proceeding was in effect a forced sale for the benefit of the husband's creditors[1] and that since she claimed the property as her homestead, the partition and sale of the property was barred by the Florida Constitution.
In November, 1984, the electors approved an amendment to Article X, Section 4 of the Florida Constitution which extended the homestead exemption to all natural persons. Article X, Section 4, now provides in part as follows:
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead ...
In Tullis v. Tullis, 360 So.2d 375 (Fla. 1978), the Florida supreme court addressed the question whether Article X, Section 4 of the 1968 Florida Constitution prohibited the partition of homestead property upon suit brought by another cotenant owning an undivided interest in that property.
The parties in Tullis lived during their marriage in a home owned by them as tenants by the entirety. Prior to the dissolution of their marriage the wife moved from the home, but the husband's minor daughter by a previous marriage continued living in the home with the husband. The final judgment of dissolution made no disposition of the parties' respective interests in the home, and did not award exclusive possession to either party. The husband continued to live in the home with his daughter, and the wife brought suit for partition of the property, then owned by the parties as tenants in common. Both parties agreed that the property was not divisible. The trial court rejected the husband's claim that the homestead provision in the state constitution prevented the forced sale of this property. The appellate court affirmed the trial court's ruling, holding that the homestead provision was never intended to preclude a forced sale following a suit for partition by an owner in common.
On review to resolve a conflict between districts, the supreme court approved the appellate court's decision, explaining as follows:
The purpose of the homestead exemption provision in our state constitution is to protect the family home from forced sale for the debts of the owner and head of the family. However, this court has never held that the homestead provision precludes a common owner of property from suing for partition and obtaining a forced sale in order to obtain the beneficial enjoyment of her interest in the property. In Donly v. Metropolitan Realty & Investment Co., 71 Fla. 644, 72 So. 178 (1916), this court held that a claim of homestead exemption would not prevent the forced sale of certain property upon suit for partition by one of the owners in *1101 common of that property. There, the ownership of homestead property passed from the head of household upon his death to the widow and children. Although the widow and two minor children lived on the property and claimed homestead exemption, this court denied their claim of exemption from forced sale against a suit for partition by a realty investment company which had purchased an undivided interest in that property from one of the other adult children of the deceased former owner. Our holding in Donly, supra, and in the present case appear consistent with the prevailing majority view throughout the rest of the country. See, 140 A.L.R. 1170.
Homestead interests should be protected from forced sale wherever possible, but not at the expense of others owning interests in the property. In this case, both parties have agreed that the property is indivisible, and that forced sale is the only method through which the wife can obtain beneficial enjoyment of her one half undivided interest in the property.
360 So.2d at 377-378.
The 1968 constitution at issue in Tullis provided the homestead exemption only to the head of a family. We conclude that the expansion of the homestead exemption to all natural persons in 1984 does not affect the basic principles of Tullis. As in Tullis, the property here is indivisible and partition is the only way that the husband can enjoy his interest in the property. The unilateral act of the wife in taking possession and claiming the homestead exemption should not affect the substantial rights of the husband. Accordingly, the fact that the wife claimed the property as her homestead did not prohibit partition of the home.
The other points raised by the parties do not merit discussion.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] The husband denied that the partition action was being brought to satisfy the debt.