509 So.2d 1286 (1987)
Jorge LOPEZ, Appellant,
v.
PUBLIC HEALTH TRUST OF DADE COUNTY, Appellee.
No. 86-2432.
District Court of Appeal of Florida, Third District.
July 14, 1987.
Gerald Forman, Miami, for appellant.
Robert A. Ginsburg, Co. Atty., and Shepard J. Nevel, Asst. Co. Atty., for appellee.
Before BARKDULL, HENDRY and NESBITT, JJ.
PER CURIAM.
Nereida Lopez's estate appeals from the probate court's order denying its petition to have the decedent's real property set aside as homestead property. We reverse.
The decedent died on July 30, 1985, owing a large debt to the Public Health Trust (Trust). At the time of her death, decedent owned and resided on the real property which is the subject of this case. Decedent's personal representative filed a petition to have the property set aside as homestead property. The Trust opposed the petition. The personal representative alleged that the decedent's three adult children had resided with her and that one of them was dependent upon her for support. After a hearing, the probate court determined that the decedent's children were not dependent upon her at the time of her death. The trial court denied the petition, and the estate appeals.
Until recently article X, section 4 of the Florida Constitution provided only heads of households with protection from the forced sale of their homesteads to satisfy their debts. See Art. X, § 4, Fla. Const. (1983). In 1984, however, the electorate approved a constitutional amendment which provides protection for a homestead "owned by a natural person."[1] The amended section *1287 serves to exempt all homestead property from forced sale for the benefit of the decedent's heirs, regardless of whether the decedent was the head of a household prior to his or her death. Art. X, § 4, Fla. Const. (1985). As such, whether the decedent had dependent heirs at the time of her death is immaterial under the new amendment. See Art. X, § 4(b), Fla. Const. (1985). Once it was established that the decedent owned and resided in the property at the time of her death, her estate was entitled to have the property set aside as homestead. Art. X, § 4(a)(1), Fla. Const. (1985). Consequently, the trial court's order denying Lopez's personal representative's petition to set aside the property as homestead was erroneous. Accordingly, the order under review is reversed.
BARKDULL and HENDRY, JJ., concur.
NESBITT, Judge (dissenting):
I respectfully dissent. The amendment to article X, section 4 of the Florida Constitution does not, and was not intended to, affect the underlying purpose of the homestead exemption laws. See Fla. HJR 40 (1983) (proposed); Ch. 83-40, § 4, Laws of Fla.; Fla. HJR 40, Committee on Judiciary, Staff Analysis, (February 8, 1983); see also Wescott v. Wescott, 487 So.2d 1099, 1101 (Fla. 5th DCA), review denied, 494 So.2d 1154 (Fla. 1986). The purpose of homestead exemption is to protect a decedent owner's dependent family from the forced sale of the homestead for the debts of the decedent. Tullis v. Tullis, 360 So.2d 375 (Fla. 1978); In re Noble's Estate, 73 So.2d 873 (Fla. 1954); Hospital Affiliates, Inc. v. McElroy, 393 So.2d 25 (Fla. 3d DCA), review denied, 402 So.2d 611 (Fla. 1981). It is not intended to provide the decedent's independent adult heirs with a windfall at the expense of the decedent's creditors. See McElroy, 393 So.2d at 28. The amendment to the section was designed merely to remedy anomalous situations where certain home owners, such as divorced spouses, did not qualify as heads of households. See Staff Analysis supra, at 1. Since the record establishes that Lopez has no surviving spouse or dependent children, I would affirm the probate court's order denying the motion to set aside the property as homestead.
NOTES
[1] Article X, section 4, Florida Constitution (1985), in pertinent part, reads:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, ... the following property owned by a natural person:
(1) a homestead, ... upon which the exemption shall be limited to the residence of the owner or his family;
... .
(b) These exemptions shall inure to the benefit of the surviving spouse or heirs of the owner. (Emphasis added.)