516 So.2d 322 (1987)
In re the ESTATE OF Helen V. TAYLOR, Deceased.
Mary Helen HINES and Cynthia Whidden, As Personal Representatives of the Estate of Helen V. Taylor, Deceased, Appellants,
v.
GESSLER CLINIC, P.A., and Winter Haven Hospital, Appellees.
No. 87-463.
District Court of Appeal of Florida, Second District.
December 9, 1987.
*323 John W. Frost and David C. Lockwood of Frost & Purcell, P.A., Bartow, and Andrew P. Trakas of Andrew P. Trakas, P.A., Winter Haven, for appellants.
Rex P. Cowan of Kalogridis & Cowan, Winter Haven, for appellees.
SCHEB, Judge.
The 1985 amendment to Article 10, Section 4, of the Florida Constitution exempts from forced sale a homestead "owned by a natural person" instead of "the head of family." The question we address in this appeal is whether such exemption inures to the benefit of a decedent's heirs who are not dependent on the decedent. The trial court answered the question in the negative and denied a petition to set the decedent's homeplace aside as exempt from her creditors. We think the trial court was correct.
Helen V. Taylor died intestate on April 15, 1986. At the time of her death, she was single and resided in her homeplace which she acquired from her divorced husband in 1984. She was survived by four adult children who resided at locations apart from the decedent. Appellants, personal representatives of the Taylor estate, petitioned the court to set aside the homeplace as exempt from the decedent's creditors. Appellees, who had filed claims against the Taylor estate, objected. After an evidentiary hearing, the trial court concluded the decedent's property was not entitled to exemption and denied the petition. This appeal ensued.
As amended, Article 10, Section 4, provides:
(a) There shall be exempt from forced sale under process of any court ... the following property owned by a natural person:

(1) a homestead ... upon which the exemption shall be limited to the residence of the owner or his family;
.....
(b) These exemptions shall inure to the surviving spouse or heirs of the owner... .
(emphasis supplied). The effect of the amendment, which was adopted by the voters on November 6, 1984, and became effective January 8, 1985, was to insert the underscored language in lieu of "the head of a family."
The background of the availability of the exemption and the objective of the amendment are important considerations in interpreting the effect of the language now contained in Article 10, Section 4. Prior to the 1985 amendment it was clear that only debtors who qualified as "head of a family" could invoke the constitutional exemption from forced sale of homestead property. The legislature was urged to reevaluate the concept of a family headship as a requisite for protection of debtors and their dependents and to extend the protection to those who live alone who provide for support and maintenance of dependents. See Maines & Maines, Our Legal Chameleon Revisited: Florida's Homestead Exemption 30 U.Fla.L.Rev. 227, 246 (1978). The amendment which was passed was submitted to the voters of this state pursuant to House Joint Resolution 40. It proposed to extend the homestead protection to any natural person and not just the head of a family. Representative Hawkins, who sponsored the amendment in the House of Representatives, explained its purpose as simply, "to give protection against forced sale for the homestead of a single person, a divorced person, any person who has a homestead, rather than just the head of a family." House Judiciary Full Committee Meeting, March 29, 1983.
The underlying rationale for exemption of the homeplace from creditors has always been to protect the family from a forced sale of the homeplace in order to pay the debts of a decedent. Tullis v. Tullis, 360 So.2d 375 (Fla. 1978). In that *324 vein we said in Frase v. Branch, 362 So.2d 317, 318 (Fla.2d DCA 1978):
Homestead rights have long been embodied in the organic law of this state [See Baker v. State, 17 Fla. 406 (1879) interpreting the homestead provision of the Florida Constitution of 1868.] The purpose of these protections is to preserve a home for the family, even at the sacrifice of just demands, and to protect the family from destitution and want. Hill v. First National Bank of Marianna, 79 Fla. 391, 84 So. 190 (1920). The provisions of homestead laws should be carried out in the liberal beneficient spirit in which they are enacted. Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912); Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 So. 440 (1914). Nevertheless, great care should be taken to prevent homestead laws from becoming instruments of fraud, an imposition on creditors, or a means to escape honest debts. Id.; see also Vandiver v. Vincent, 139 So.2d 704 (Fla. 2d DCA 1962).
We agree with appellants that inclusion of the words "natural person" expands the class of individuals who may now validly claim their homeplace to be exempt from forced sale under the Florida Constitution. See, e.g., Steinbrecher v. Cannon, 501 So.2d 659 (Fla. 1st DCA 1987). Nevertheless, we do not perceive the legislative intent to have broadened the exemption from forced sale of property to include the residence of a single person who is not survived by a spouse or dependent family members. Nothing in either the amendment or the staff analysis indicates any intention of the legislature to create a windfall for the benefit of adult heirs not dependent on the decedent. See Fla. HJR 40, Committee on Judiciary, Staff Analysis (February 8, 1983). Moreover, as the trial judge pointed out, such action would severely impair the creditworthiness of many of our elderly citizens.
Accordingly, we affirm the trial court's denial of the petition to declare the decedent's property exempt from creditors. We acknowledge our decision is in conflict with the decision in Lopez v. Public Health Trust of Dade County, 509 So.2d 1286 (Fla. 3d DCA 1987) (Nesbitt, J., dissenting).
DANAHY, C.J., and SCHOONOVER, J., concur.