782 So.2d 443 (2001)
Svato HIEKE, Appellant,
v.
Carole Wise HIEKE, Appellee.
No. 4D00-453.
District Court of Appeal of Florida, Fourth District.
March 7, 2001.
Rehearing Denied April 25, 2001.
*444 Thomas F. Hurka of Baker & Daniels, Indianapolis, IN, for appellant.
Sally S. Benson of Sally S. Benson, P.A., Palm Beach Gardens, for appellee.
KLEIN, J.
We affirm the judgment dissolving the parties' marriage, but address one issue, whether the trial court erred in awarding the wife a lien against the husband's homestead which would subject it to a forced sale.
The trial court found that the wife, as a result of purchasing materials and expending construction labor on the husband's home, was entitled to a special equity in the home. Noting that the husband did not have liquid assets available to pay the wife her special equity, but that the home was worth substantially more than was owed on the mortgage, the court awarded the wife an equitable lien against the home in a specific amount, which could be foreclosed if the wife was not paid within one year of the judgment. The husband appeals, arguing that the home, which is his homestead, is exempt from forced sale under Article X, section 4 of the Florida Constitution.
The husband relies on cases which hold that a homestead is exempt from forced sale by a judgment creditor, except where there has been fraud. Whigham v. Muehl, 511 So.2d 717 (Fla. 1st DCA 1987); Greenberg v. Fontaine, 618 So.2d 299 (Fla. 2d DCA 1993). What the husband fails to recognize, however, is that in a dissolution proceeding, the court's award of a special equity amounts to an ownership interest. In the present case, instead of awarding the wife a lien for a specific amount, the court could have awarded her a fractional interest in the home. Landay v. Landay, 429 So.2d 1197 (Fla.1983).
The constitutional prohibition against the forced sale of a homestead does not apply where the sale is necessary to protect an ownership interest in the property. Butterworth v. Caggiano, 605 So.2d 56 n. 5 (Fla.1992); Tullis v. Tullis, 360 So.2d 375 (Fla.1978). Accordingly, the trial court did not err in securing the wife's special equity in the property by awarding her a lien which could be foreclosed.
We have considered the other issues raised by husband and find them to be without merit. Affirmed.
FARMER and TAYLOR, JJ., concur.