922 So.2d 1008 (2006)
Clarence WALLACE, Appellant,
v.
Carolyn Yvonne WALLACE, Appellee.
No. 1D05-1509.
District Court of Appeal of Florida, First District.
February 6, 2006.
Rehearing Denied March 9, 2006.
*1009 William H. Maness, Esq., Jacksonville; John S. Mills, Esq. of Mills & Carlin, P.A., Jacksonville, for Appellant.
Carolyn Yvonne Wallace, pro se, for Appellee.
PER CURIAM.
Clarence Wallace, the husband, appeals a Final Judgment of Dissolution of Marriage, raising three arguments on appeal, only two of which merit discussion. The husband contends that the trial court erred in awarding Carolyn Yvonne Wallace, the wife, a special equity in his home because a special equity may only be awarded in jointly owned property. The husband also contends that the trial court erred in awarding the wife a lien against his home because the forced sale of a homestead for purposes of securing a special equity is prohibited by Article X, Section 4 of the Florida Constitution. Finding no merit in either of these arguments, we affirm.
During their marriage, the husband and wife lived in the husband's non-marital home and undertook a renovation project that increased the home's value. As a result of the money the wife expended on the renovation, the trial court found that she was entitled to a special equity in the home in the amount of $20,700 and ordered that the obligation be secured by a mortgage on the home. This appeal followed.
*1010 A special equity is a "vested property interest brought into the marriage or acquired during the marriage because of a contribution of services or funds over and above normal marital duties." Dyson v. Dyson, 597 So.2d 320, 324 (Fla. 1st DCA 1992). "Special equities are generally based upon the contribution of funds from sources unconnected with the marital relationship." Id. Contrary to the husband's contention that a special equity may only be awarded in jointly owned property, we conclude that as long as the spouse seeking a special equity in the other spouse's property is able to show that he or she contributed funds or services over and above normal marital duties with respect to that property, a special equity may be awarded. Cf. id., 597 So.2d at 324 (concluding that the wife's interest in the husband's non-marital property did not constitute a special equity because the wife's contribution of marital funds towards the payment of the mortgage did not constitute a contribution of funds unconnected with the marriage or of services over and above normal marital duties); Guarine v. Guarine, 525 So.2d 1037, 1037 (Fla. 4th DCA 1988) (reversing the wife's special equity award in a home owned by the husband and his mother because the wife's contribution to mortgage payments during the marriage did not constitute a contribution over and above normal marital duties); Hottman v. Hottman, 418 So.2d 304, 304 (Fla. 4th DCA 1982) (holding that the trial court erred in granting the wife a special equity in the husband's property and noting that the wife contributed her earnings and child support payments to a joint bank account from which household expenses, including the mortgage payments, were paid).
We also reject the husband's argument that his homestead is exempt from forced sale for purposes of securing the wife's special equity pursuant to Article X, Section 4(a) of the Florida Constitution, which provides that a person's homestead:
shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty....
The Fourth District addressed this exact issue in Hieke v. Hieke, 782 So.2d 443 (Fla. 4th DCA 2001), review denied, 799 So.2d 217 (Fla.2001). In affirming the judgment which awarded the wife a lien against the husband's homestead, the Fourth District found no merit in the husband's constitutional argument. Id. at 444. We agree with the Fourth District that because a court's award of a special equity amounts to an ownership interest, the constitutional prohibition against the forced sale of a homestead does not apply in such situations. Id. (citing Tullis v. Tullis, 360 So.2d 375, 378 (Fla.1978), wherein the supreme court set forth that "[h]omestead interests should be protected from forced sale wherever possible, but not at the expense of others owning interests in the property") (other citation omitted).
Accordingly, the Final Judgment of Dissolution of Marriage is AFFIRMED.
ERVIN, DAVIS and LEWIS, JJ., concur.