ALTENBERND, Judge.
Bruce Marger, as Administrator ad Li-tem for the Estate of Francis A. De Rosa, appeals the trial court’s order determining that a house owned by the decedent as a joint tenant with the right of survivorship was not homestead property for purposes of the administration of his estate. We affirm.
In 1995, Mr. De Rosa and his mother, Harriet S. De Rosa, purchased a home in Largo, Florida. The warranty deed to the house states that Mr. De Rosa and his mother own it as “joint tenants with full right of survivorship and not as tenants in common.” At the time of the conveyance, Mr. De Rosa had two minor children. When he died intestate in 2008, he had no surviving spouse, but he did have two minor children and one adult child.
*867 Harriet S. De Rosa claimed title to the property when her son died. Mr. Mar-ger forcefully argues that the house should have homestead status for the benefit of the children. We conclude that the trial court correctly applied our precedent in Ostyn v. Olympic, 455 So.2d 1137 (Fla. 2d DCA 1984), in holding that the house was not homestead and became the sole property of Harriet S. De Rosa at the instant of her son’s death.
In Ostyn, the decedent was unmarried when he executed a deed conveying his home to himself and three other family members as joint tenants with the right of survivorship. Id. at 1138. When he died eleven years later, he was survived by a niece who was the sole surviving joint tenant. He was also survived by a wife. The couple had lived in the home as husband and wife for seven years prior to his death. The trial court held that the wife was entitled to a life estate in the property because the property was homestead. Accordingly, the trial court ruled that the niece’s interest in the property as a joint tenant was subject to the wife’s life estate. Id.
This court reversed the trial court, “discerning] no basis for the trial judge’s ruling.” Id. We held that upon the decedent’s death, his interest in the property terminated and that there was no property interest then owned by him to which a homestead interest could attach for the benefit of his wife.
Mr. Marger attempts to distinguish Os-tyn on the basis that the decedent in Os-tyn had no family when he took title to the property. He points out that when Mr. De Rosa took title to the house along with his mother, Mr. De Rosa had minor children. He argues that because Mr. De Rosa had children, the property was homestead when they took title to it. According to him, Mr. De Rosa and his mother’s acquiring the property as joint tenants with right of survivorship was “a future devise of the homestead upon his death to a third party” — which the Florida Constitution prohibits. He further argues that because holding property as a joint tenant with right of survivorship cannot overcome the constitutional protection provided to homestead property, the deed at issue here was invalid. Under his theory, the constitution would prohibit a person with minor children from acquiring some types of real property as a joint tenant with the right of survivorship. We disagree.
Article X, section 4(c), of the Florida Constitution provides that “[t]he homestead shall not be-subject to devise if the owner is survived by spouse or minor child.” This language does not restrict the type of interests in real property a person may acquire or how a person may title his or her property. Instead, it restricts a person’s attempt to devise property he or she owns when homestead status has attached to that property. Thus, even though Mr. De Rosa had children who were eligible for homestead protection at the time he purchased this property along with his mother, he was free to take the property as a joint tenant with the right of survivorship. In so doing, the property did not become homestead property when he and his mother purchased it. Thus, when Mr. De Rosa died, his interest in the property terminated, and it became the sole property of his mother as the surviving joint tenant without any life estate for the benefit of his children. If the circumstances had been reversed and Harriett S. De Rosa had died first, under the facts of this case, it would appear that homestead status would have attached to Mr. De Rosa’s interest in the property at the instant of his mother’s death. But those are not the facts of this case. Accordingly, we affirm the trial court’s decision that this *868 property was not a part of Mr. De Rosa’s probate estate.
Affirmed.
DAVIS and MORRIS, JJ., Concur.